HOGAN v. O'NEILL, CHIEF OF POLICE OF THE CITY OF EAST ORANGE, NEW JERSEY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 120. Submitted November 8, 1920.—Decided January 31, 1921.

1. For the purposes of interstate rendition (Rev. Stats., § 5278), an indictment which omits otherwise to allege the place of the offense lays it sufficiently in the demanding State if its caption designates a

court and county of that State and a law of that State (Mass. Rev. Laws, c. 218, § 20) makes such designation equivalent to an allegation that the act was committed within the territorial jurisdiction of such court.  P. 54.

2. Laws of a demanding State affecting the right to rendition are noticed by federal courts and may be noticed by the Governor of the State upon whom demand is made.  P. 55.

3. In Massachusetts, as at common law, a conspiracy to commit a crime is itself a criminal offense, although no overt act be done in pursuance of it.  *Id.*

4. A person duly charged in the demanding State who was present there when the offense is alleged to have been committed and afterwards departed, although not for the purpose of escaping prosecution, to another State, is a fugitive from justice, under Rev. Stats., § 5278; Constitution, Art. IV, § 2.  *Id.*

5. Whether the person demanded is in fact a fugitive is for determination by the Governor of the State upon which demand is made, whose conclusion, evinced by the warrant of arrest, must stand, in *habeas corpus*, unless clearly overthrown.  P. 56.

Affirmed.

The case is stated in the opinion.

*Mr. Reuben D. Silliman* for appellant.

*Mr. Joseph C. Pelletier* for appellee.  *Mr. William S. Kinney* was also on the brief.

Mr Justice Pitney delivered the opinion of the court.

This is an appeal from a final order of the District Court discharging a writ of *habeas corpus* and remanding appellant to the custody of appellee for rendition to a representative of the Commonwealth of Massachusetts, pursuant to a warrant issued by the Governor of New Jersey under § 5278, Rev. Stats.

Upon the hearing before the District Court on return of the *habeas corpus*, it appeared that a demand for appellant's apprehension and extradition to Massachusetts

had been made by the Governor of that Commonwealth upon the Governor of New Jersey, accompanied with a copy of an indictment found by the grand jury of Suffolk County, certified as authentic by the Governor of Massachusetts, and an affidavit to the effect that appellant was in the Commonwealth for some time previous to and at the time of the commission of the alleged crime, and afterwards fled therefrom.

The following is a copy of the indictment (signatures omitted):

"Commonwealth of Massachusetts, Suffolk, ss:

"At the Superior Court Begun and Holden at the City of Boston, within and for the County of Suffolk, for the Transaction of Criminal Business, on the First Monday of February, in the Year of Our Lord One Thousand Nine Hundred and Nineteen.

"The Jurors for the Commonwealth of Massachusetts, on their oath present that Charles K. Hogan and Luther R. Hanson on the eighteenth day of August in the year of our Lord one thousand nine hundred and sixteen conspired together to steal the property, moneys, goods and chattels of the Market Trust Company, a banking corporation legally established and existing."

It appeared that since the month of May, 1915, appellant had resided continuously at East Orange, New Jersey; but he admitted that in the summer of 1916—he said he could not remember the date—he visited Boston and spent some time in the company of Hanson, the alleged co-conspirator.

It is objected that the indictment does not charge appellant with the commission of a crime in Massachusetts; but when it is read in the light of the laws of that Commonwealth, the difficulty disappears. Revised Laws of Massachusetts, c. 218, § 20, reads thus: "The time and place of the commission of the crime need not be alleged unless it is an essential element of the crime. The allega-

tion of time in the caption shall, unless otherwise stated, be considered as an allegation that the act was committed before the finding of the indictment, after it became a crime, and within the period of limitations. The name of the county and court in the caption shall, unless otherwise stated, be considered as an allegation that the act was committed within the territorial jurisdiction of the court. All allegations of the indictment shall, unless otherwise stated, be considered to refer to the same time and place." Of course the courts of the United States will take notice of the laws of the demanding State, as the Governor of New Jersey was at liberty to do. *Roberts* v. *Reilly,* 116 U. S. 80, 96.

Were there any doubt of the sufficiency of the indictment, as a pleading, it would not be open to inquiry on *habeas corpus. Munsey* v. *Clough,* 196 U. S. 364, 373.

The suggestion that there is neither allegation nor proof of an overt act done by appellant in Massachusetts pursuant to the alleged conspiracy is without weight. By the law of Massachusetts, as by the common law, a conspiracy to commit a crime is itself a criminal offense, although no overt act be done in pursuance of it; such acts, however important as evidence of conspiracy or as matters of aggravation, not being of the essence of the offense, since there is no statute making criminality dependent upon the commission of an overt act. *Commonwealth* v. *Judd,* 2 Massachusetts, 329, 337; *Commonwealth* v. *Tibbetts,* 2 Massachusetts, 536, 538; *Commonwealth* v. *Warren,* 6 Massachusetts, 74; *Commonwealth* v. *Hunt,* 4 Metc. 111, 125.

Appellant being charged by authentic indictment with a criminal offense committed in Massachusetts on or about August 18, 1916, and having, by his own admission, been personally present there and in communication with the alleged co-conspirator at or about that time, and being afterwards found in the State of New Jersey, there

is adequate ground for his return as a fugitive from justice under § 5278, Rev. Stats., enacted to give effect to Art. IV, § 2, of the Constitution. Whether in fact he was a fugitive from justice was for the determination of the Governor of New Jersey. The warrant of arrest issued in compliance with the demand of the Governor of Massachusetts shows that he found appellant to be a fugitive; and this conclusion must stand unless clearly overthrown, which appellant has not succeeded in doing. To be regarded as a fugitive from justice it is not necessary that one shall have left the State in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which by the law of the State constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another State. *Roberts* v. *Reilly*, 116 U. S. 80, 95–97; *Munsey* v. *Clough*, 196 U. S. 364, 372–375; *Appleyard* v. *Massachusetts*, 203 U. S. 222, 227, *et seq.*; *McNichols* v. *Pease*, 207 U. S. 100, 108–109; *Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 133–134.

*Final order affirmed.*