**SPENCER v. HAMILTON et al., Agents for State of Texas.**

(Circuit Court of Appeals, Eighth Circuit. April 28, 1926.)

No. 7121.

1. **Extradition** ⊜⇒30—**Fugitive from justice from state of Texas, by removal from federal penitentiary at Leavenworth for trial in Texas, remaining in custody of United States, did not cease to be fugitive from justice when state permitted his return to penitentiary to serve balance of sentence.**

Where defendant, while a fugitive from justice as to state of Texas, was convicted in federal court, and while serving sentence at Leavenworth was removed to Texas, where he was convicted on preferred charge by state, remaining in custody of United States throughout removal, he never ceased, in a legal sense, to be a fugitive from justice, and hence state of Texas did not, by permitting his return to Leavenworth after conviction, voluntarily relinquish control and custody of his person.

2. **Criminal law** ⊜⇒98.

Retention of custody of federal prisoner in United States during trial of charge in state court is not inconsistent with jurisdiction of state court to try case.

Appeal from the District Court of the United States for the District of Kansas; Kimbrough Stone, Judge.

Application by W. B. Spencer, alias M. P. Hunt, for writ of habeas corpus against Harry Hamilton and another, agents for the state of Texas. From an order discharging the writ, and remanding petitioner to custody of respondents, petitioner appeals. Affirmed.

W. E. Stickel, of Kansas City, Kan. (L. S. Harvey, of Kansas City, Kan., on the brief), for appellant.

John Morrison and R. K. Hanger, both of Fort Worth, Tex. (W. H. Tolbert, of Fort Worth, Tex., on the brief), for appellees.

Before VAN VALKENBURGH and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. June 9, 1920, two indictments were returned in Tarrant county, Tex., charging appellant with theft and embezzlement; warrants were issued, but the defendant was not found. Later in October, 1923, he was apprehended in Salt Lake City, Utah, by United States officers, charged with a violation of the federal Anti-Narcotic Act. Upon trial in the District Court there Spencer was convicted and sentenced to imprisonment in the United States penitentiary at Leavenworth, Kan., for a period of two years. He began this sentence October 28, 1923. Early in 1924 the Texas authorities learned the whereabouts of appellant, and began negotiations with the Attorney General of the United States, with the view of having appellant returned to Tarrant county, Tex., to answer the indictments pending there. The record does not show affirmatively the consent of the Attorney General thereto; but, in argument, that action was assumed by the government, and not seriously denied by counsel for appellant. At any rate, a writ of habeas corpus for such removal was issued out of the criminal court of Tarrant county, Tex., directed to the warden of the federal penitentiary at Leavenworth, Kan., directing the warden to produce appellant before

the Texas court for trial, and in obedience to that writ Warden Biddle caused Spencer to be removed, under guard of federal officers, from Leavenworth penitentiary to Fort Worth, Tex. March 7th appellant was placed on trial, was found guilty under each indictment, and his punishment was fixed at confinement in the state penitentiary for a term of four years in each case. From these judgments appellant appealed to the Court of Criminal Appeals for the state of Texas, where the judgments were ultimately affirmed.

During the time that appellant was in Texas for trial, he was at all times kept under the control and custody of the officers of the United States who brought him to Texas from the penitentiary at Leavenworth, and at the conclusion of the trial in the state court he was returned by the same officers to the federal penitentiary at Leavenworth, Kan., to serve the remainder of his sentence there. This term of imprisonment at Leavenworth expired June 5, 1925. Thereupon appellees, as agents for the state of Texas, sought to remove appellant as a fugitive from justice upon a warrant of extradition issued by the Governor of the state of Kansas. To prevent such removal Spencer filed a petition for a writ of habeas corpus in the District Court for the District of Kansas, alleging, among other things, that he was not a fugitive from justice; his argument, in effect, being that, after his return to Texas for trial, he was voluntarily surrendered by the Texas authorities and permitted to leave Texas and return to Kansas. Upon hearing, the writ was discharged, and appellant was remanded to the custody of appellees.

The jurisdiction of the state court and his trial and conviction in Texas are not challenged; nor is the fact that he was a fugitive from justice, within the purview of the removal statute, up to the time when he was thus returned to the federal penitentiary after trial.

[1, 2] It is apparent that appellant was a fugitive from justice at the time he was apprehended, tried, and convicted in Utah upon the federal charge. His sentence, removal, and imprisonment to and in the penitentiary at Leavenworth, Kan., still outside the state of Texas, did not alter that status. The application for his removal to the latter state for trial was made under the doctrine announced by the Supreme Court in Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879, in which such procedure was recognized. It is un-

12 F.(2d)—62

necessary to consider whether the situation in the case at bar justified the application of that doctrine. It is sufficient that Spencer remained in the custody and control of the United States throughout his removal to Texas and his return to the penitentiary at Leavenworth. Whether such retention of custody by the government could in any aspect have the effect of impairing the jurisdiction of the Texas court need not be considered, because that jurisdiction is not assailed, but is admitted. Under the conceded facts Spencer never ceased to be, in a legal sense, a fugitive from justice, and the state of Texas did not voluntarily relinquish over his person a control and custody which it never acquired. The evidence that the control of the federal officers over his person was never interrupted stands without legal dispute in the record. Upon release from the penitentiary at Leavenworth he was ordered removed to Texas upon unimpeachable proceedings in extradition. As said in Ponzi v. Fessenden, supra, loc. cit. 261 (42 S. Ct. 311): "Until the end of his term, and his discharge, no state court could assume control of his body without the consent of the United States."

Such retention of custody is in no wise inconsistent with the jurisdiction of the state court to try him. Upon this point the court in Ponzi v. Fessenden, loc. cit. 265 (42 S. Ct. 312), said: "But it is argued that, when the prisoner is produced in the superior court, he is still in the custody and jurisdiction of the United States, and that the state court cannot try one not within its jurisdiction. This is a refinement which, if entertained, would merely obstruct justice. The prisoner when produced in the superior court in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States, which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty."

The Ponzi Case equally established the jurisdiction of the state court for purposes of trial and the retention of custody of the United States throughout. The order dismissing the writ must be sustained and the decree affirmed. It is so ordered.