THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* P. ALBERT STILWELL, Appellant.

Crimes — larceny — extradition — trial — charge — for purpose of extradition accused regarded as "fugitive" irrespective of motive for absence from State — flight indicative of consciousness of guilt only when guilty motive exists — erroneous charge that recitals in extradition papers may be considered as showing flight and that such flight may be considered upon question whether defendant was conscious of commission of crime — recitals in extradition papers may not be used as evidence of acts alleged to have been committed by accused — proof must be made anew and defendant is entitled to confrontation of witnesses.

1. Where, upon trial of a defendant charged with larceny, the question was not presented by the record whether his absence from the State after commission of the alleged crime would, unless explained, justify a finding that he had shown consciousness of guilt, it was error for the trial judge to charge that extradition papers, concededly introduced in evidence solely to show the extradition, recite that "defendant was a fugitive from justice and that the warrant was obtained because he was a fugitive" after having been charged with crime, that "the purpose of that testimony was to show that he fled at the time his presence was demanded" and that such flight is a "circumstance which may be considered by a jury as bearing upon the question of whether or not he was conscious that he had been guilty of the commission of a crime." For the purpose of extradition the accused must be regarded as a fugitive from justice if he has departed and remains absent from the State regardless of the motive which dictates departure and absence. Motive for "flight" is

irrelevant in such case, and only when guilty motive exists can "flight" become indicative of consciousness of guilt.

2. In any event recitals of Governor or President in extradition papers could not be used against defendant upon his trial as evidence of any act committed by him. The effect of their decision is confined to the executive acts resulting from it and if the question upon which they have passed becomes relevant upon the trial of an indictment, proof must be made anew and the accused is entitled to confrontation of witnesses against him.

*People* v. *Stilwell*, 217 App. Div. 733, reversed.

(Argued October 21, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1926, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon a verdict convicting the defendant of the crime of hypothecation of a customer's securities in violation of section 956 of the Penal Law.

*Almuth C. Vandiver* for appellant. The court's erroneous charge as to flight was highly prejudicial to appellant. (*People* v. *Atwater*, 229 N. Y. 303; *People* v. *Lowe*, 209 App. Div. 208; *Titcomb* v. *James*, 57 Ill. App. 307; *Polis* v. *Heizmann*, 276 Penn. St. 315; *People* v. *Swersky*, 216 N. Y. 476; *People* v. *Bromwich*, 135 App. Div. 67; 200 N. Y. 385; *People* v. *Pettanza*, 207 N. Y. 560; *People* v. *Conrow*, 200 N. Y. 369; *People* v. *Ogle*, 104 N. Y. 511; *Ryan* v. *People*, 79 N. Y. 593; *People* v. *Place*, 157 N. Y. 584; *People* v. *Taylor*, 101 N. Y. 608.)

*Joab H. Banton, District Attorney* (*William B. Moore* of counsel), for respondent. There was no error in the court's charge with reference to "flight." (Wigmore on Ev. § 276; *People* v. *Ogle*, 104 N. Y. 511.)

LEHMAN, J. In May, 1922, the defendant was a partner in the firm of Stilwell, Leffler & Lowe, stockbrokers, who were members of the Consolidated Stock

Exchange. He has been convicted under the third count of an indictment which charges that the defendant " without having any lien thereon and any special prop- .erty therein, feloniously did, for his own benefit, dispose of and consent to the disposition of securities in his possession belonging to a customer of the firm." That securities belonging to a customer of the firm and in the possession of the brokers were disposed of in violation of section 956 is clear. The defendant is a criminal only if he took part in such disposition or consented or assented to the doing of a felonious act by a partner or employee. Lowe, a partner in the defendant's firm, was indicted and convicted for the offense now charged against the defendant. That conviction was reversed by the Appellate Division (209 App. Div. 498). On the 11th day of October, 1923, after Lowe was tried and convicted, this defendant was indicted. After the indictment was found the defendant was extradited from Great Britain. At the opening of the trial the defendant's counsel objected to the jurisdiction of the court to try the defendant on the charge of violation of section 956 of the Penal Law, on the ground that such violation did not constitute an extraditable offense under our treaty with Great Britain. In support of the objection the extradition papers were offered and admitted in evidence. The objection was overruled. After conviction the defendant by writ of habeas corpus challenged on the same ground the right of the State to imprison him under the judgment of conviction. Upon appeal to this court we affirmed the order dismissing the writ. (*People ex rel. Stilwell* v. *Hanley,* 240 N. Y. 455.) The defendant now appeals on other grounds from the judgment of conviction.

The evidence produced at the trial is sufficient to permit inference of guilty participation by defendant in a felonious disposition of the securities of the complaining witness by the firm of which the defendant was a member or by one of its copartners. It does not require such

inference. Inference of guilt might be more readily drawn if the defendant has shown consciousness of guilt by flight to evade the processes of justice. Error which may have led the jury to find that the defendant has shown consciousness of guilt may not under the circumstances be disregarded.

The defendant was apprehended in Great Britain in November, 1923, more than eighteen months after the alleged crime was committed. The record does not disclose when he went to Great Britain or his reason for going there. Flight from justice may be indicative of consciousness of guilt, but departure from the State is not always dictated by impulse or purpose to escape the consequences of acts done or charges that may be brought. In the absence of explanation, the fact of departure and absence may in the light of surrounding circumstances permit inference of flight and be significant of consciousness of guilt. It has no such significance when the conduct of the accused is equally or more consistent with some other hypothesis. (Wigmore on Evidence [2d edition], section 276; Underhill, Criminal Evidence [3d edition], section 303.) Guilty motive for the departure must be present before the departure can become a relevant factor in the determination of guilt. (*Ryan* v. *People,* 79 N. Y. 593; *Hickory* v. *U. S.,* 160 U. S. 408; *People* v. *Fiorentino,* 197 N. Y. 560, 567; *State* v. *Evans,* 138 Mo. 116.)

The question of whether in this case the evidence of absence of the defendant a year and a half after the date of the alleged crime would, unless explained, justify a finding that the defendant had shown consciousness of guilt is not presented upon the record. That evidence was produced by the defendant for the purpose of showing that he was extradited from Great Britain and could be tried only on a charge which constituted an extraditable offense according to the treaties between Great Britain and the United States. When the extradition papers

were introduced in evidence, the colloquy between the court and counsel on both sides shows that all agreed that the papers were evidence only of extradition. Indeed then the trial judge stated that he would so charge at the appropriate time. The defendant was not called upon to explain the motive for his departure from the jurisdiction so long as he might assume that the departure itself constituted no evidence relevant upon the question of his guilt.

The trial judge thereafter charged the jury that "The papers in evidence recite over the warrant of the Governor or Lieutenant Governor of this State that the defendant was a fugitive from justice and that the warrant was obtained because he was a fugitive from the State of New York after having been charged with this crime, and that by authority existing as the result of that warrant, that extradition warrant procured from the Governor of the State and from the President of the United States and recognized by the Government of Great Britain, he was returned here for trial. The purpose of that testimony was to show that he fled at the time his presence was demanded by the People of the State for the purpose of answering this indictment." The jury were then told that such flight is a "circumstance which may be considered by a jury as bearing upon the question of whether or not he was conscious that he had been guilty of the commission of a crime."

Error in this charge is manifest. The words "fugitive from justice" or "fled from the justice of the State" when used in extradition proceedings have acquired a special meaning. "To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the State in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a State committed

that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction and is found within the territory of another." (*Roberts* v. *Reilly*, 116 U. S. 80.) For the purpose of extradition the accused must be regarded as a fugitive from justice if he has departed and remains absent from the State, regardless of the motive which dictates departure and absence. The recitals in the extradition papers must be read in connection with the purpose they are intended to serve. The treaty with Great Britain requires the high contracting parties to surrender as a fugitive any person charged with a crime specified in the treaty who " shall seek an asylum or shall be found within the territories of the other." The description of the defendant as a " fugitive " in the papers demanding extradition must be read in accordance with this definition. Motive for " flight " is irrelevant in such case, but only when guilty motive exists can " flight" become indicative of consciousness of guilt.

Even were this not true, the recitals of Governor or President could not be used against this defendant upon his trial as evidence of any act committed by the accused. In the performance of their high duties they must on occasion pass upon questions of fact, sometimes after a hearing and sometimes without a hearing accorded to those who may be affected by their decision. The effect of their decision is confined to the executive acts resulting from it. If the question upon which they have passed becomes relevant upon the trial of an indictment, proof must be made anew and the accused is entitled to confrontation of witnesses against him.

For these reasons the judgment of conviction should be reversed and a new trial ordered.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur

Judgment reversed, etc.