In the matter of the application of WALTER G. WILLIAMS, for a writ of *habeas corpus*.

[Decided May 12th, 1927.]

If, in a requisition for a fugitive from justice, the indictment charges a crime against the laws of the demanding state, the sufficiency of the indictment, to warrant conviction and judgment according to the law of the land, must be determined by ·the courts of that state, not by those of the asylum state.

*Mr. Frederick A. Pope,* for the writ.

*Mr. William Newcorn,* for the state.

BACKES, V. C.

The governor of this state, upon the request of the executive of the State of Florida, issued his mandate for the arrest of the relator, Walter G. Williams, as a fugitive from justice, and that he be delivered to the agent of the State of Florida designated to receive him for delivery to that state. Upon being taken into custody by the sheriff of Somerset county the relator sued out a writ of *habeas corpus,* to be set at large, claiming that the mandate was unlawfully issued, and assigned as grounds various infirmities in the requisition; that he had committed no crime in Florida; that he is not a fugitive from justice, and that the governor of this state was without jurisdiction to issue the mandate.

The requisition is in the accepted form, duly signed and sealed, and recites that it appears by the annexed documents, which are certified to be authentic, that the relator stands charged with the crime of resisting an officer, without force, as shown by the indictment found, committed in the State of Florida, and, upon information, that the relator has fled from justice and taken refuge in New Jersey. Annexed is a copy of an indictment, in due form, found by the grand jury

in and for Collier county, and returned at the spring term of 1926 to the circuit court of the twelfth judicial circuit of the State of Florida, which presents: "That W. G. Williams, whose Christian name is to the grand jurors unknown, did on the 14th day of September, A. D. 1925, resist, without force, an officer, to wit, a deputy sheriff, in and for the county of Collier, State of Florida, in the performance of his duty, to wit, Henry W. Love, who then and there at the time aforesaid, did have H. B. Williams, Vincent Jordan and John W. Carter under arrest for the crime of trespassing, and the said W. G. Williams did then and there knowingly and willfully obstruct and oppose, without violence, the said Henry W. Love in taking the said W. G. Williams into custody and into the jail in Collier county, Florida, while the said H. B. Williams, Vincent Jordan and John W. Carter were then and there in the custody of and under arrest by the said Henry W. Love, and he, the said W. G. Williams, then and there knew, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida." Attached to the requisition is an "application for requisition" in the form of an affidavit made by one Maynard, who deposes that Walter G. Williams was charged by the indictment, a certified copy of which is annexed, with the crime of resisting an officer, without force, committed on or about September 14th, 1925, in the county of Collier, State of Florida, and since the commission of such crime actually fled from the State of Florida, and that he was a fugitive from the justice of that state, and that he has reason to believe is in the State of New Jersey.

It is not denied that under the statutes of Florida (volume 2, section 5386) it is a crime to obstruct or oppose a deputy sheriff in the execution of any legal duty without offering or doing violence to the person of the officer, nor that the relator was in Collier county, Florida, at the time the crime charged is alleged to have been committed, and that he has since come into the State of New Jersey.

The criticism, that the requisition certifies that the relator stands charged with the crime of resisting an officer without

force, while the indictment charges that he obstructed and opposed the officer, without violence, is addressed to what may be an inaccurate definition, which at all events is cured by the reference in the requisition to the indictment and the crime therein charged.

The criticism, that the indictment fails to allege facts sufficient to constitute a crime in the State of Florida is without merit. The manner in which the relator obstructed and opposed the officer is of no concern on this application; nor is the fact that the indictment is somewhat obscure in this respect, for it appears to be charged that while three named persons were in custody, under arrest, of a named deputy sheriff the relator willfully obstructed and opposed him in the discharge of his duty. If the indictment charges a crime against the laws of the demanding state, the sufficiency of the indictment, to warrant conviction and judgment according to the law of the land, must be determined by the courts of that state, not by those of the asylum state. *In re Thompson, 85 N. J. Eq. 221; Matter of Peter Voorhees, 32 N. J. Law 141; Hogan v. O'Neill, 255 U. S. 52.*

The requisition and the attached documents, all duly authenticated by the executive of Florida, sufficiently disclose to the governor of this state that the relator was, according to the laws of the demanding state, charged by that state, upon indictment, with a crime against that state, and that he fled from that state to this state, and as his determination, evidenced by his mandate, stands unimpeached by anything tendered by or on behalf of the relator, the writ of *habeas corpus* will be dismissed and the relator remanded.