The return to the writ of habeas corpus manifests that Joseph Cohen is detained in custody as a prisoner by reason of a commitment issued out of and under the seal of the parole commission of the city of New York, and a warrant for rendition issued by the governor of New Jersey. The warrant for rendition issued by the governor of New Jersey, and the requisition therefor made by the governor of New York appear to be in due form. The detainer lodged with the jailer, and which he refers to in his return as a copy of a commitment issued out of and under the seal of the parole commission of the city of New York, appears to be, in fact, a warrant, in due form, issued by said commission under date of January 12th, 1928. Said warrant contains the following recitals:
"Whereas it has come to the knowledge of the parole commission of the city of New York that Joseph Cohen, now on probation and heretofore convicted in the special sessions — New York court, city and State of New York, for the crime of petit larceny, and was committed to the custody of the warden, deputy warden and keepers of the penitentiary at Welfare Island, city and State of New York, for an indeterminate sentence under the provisions of chapter 579 of the laws of 1915, and that in accordance with said provisions of law the parole commission of the city of New York did conditionally parole said probationer outside the buildings and enclosures of said institution;
"And whereas it has come to the knowledge of said commission that said probationer has violated the conditions of his parole and has thereby forfeited his right to remain longer on parole;
"Now, therefore, by virtue of said authority vested in the parole commission aforesaid under the provisions of chapter 579 of the laws of 1915, it is hereby ordered that said Joseph Cohen be forthwith arrested and returned to the institution to which he has been committed, to serve as much of the remainder of his sentence as said commission shall hereafter determine." *Page 562 
An endorsement on said warrant reads as follows: "5/14/28 Sentenced to the Hudson Co. Penitentiary — 2 months, stealing from mails, by Judge Bondy, Federal Court, N.Y."
The only question submitted to me by counsel for determination in the matter sub judice is whether the prisoner, Joseph Cohen, is a fugitive from justice from the demanding state, New York. The rule of law has been well established that on habeas corpus
the accused is entitled to show, at any time before his actual surrender to the demanding state, that he is not a fugitive from justice within the meaning of the constitution and laws of the United States, the question being one of fact, upon which the executive determination is not conclusive, and upon which accused is entitled to introduce evidence. It cannot be disputed that the governor's warrant, in the matter sub judice, is prima facie
evidence that the accused, Joseph Cohen, is a fugitive from justice. The burden of overcoming the prima facie case made by said warrant is upon the accused. I do not consider he has sustained such burden. A "fugitive from justice" is ordinarily defined as one who removes himself from the jurisdiction within which he committed a crime. It is urged by counsel that to sustain the allegation that the prisoner, Joseph Cohen, is a fugitive from New York, it must be shown that he has fled from justice, and that to "flee" means to run away, and inasmuch as it is conceded in the matter sub judice that the accused did notvoluntarily depart the jurisdiction of the State of New York, he cannot be considered a fugitive from justice. It is conceded that the accused, while at liberty under the aforesaid conditional parole, was convicted of an offense against the federal laws, and sentenced by Judge Bondy, of the United States district court, for the southern district of New York, to imprisonment in a penal institution in New Jersey. It is urged that by reason thereof the departure of the accused from New York and his presence in New Jersey must be regarded as involuntary, and therefore the accused is not subject to rendition by virtue of the warrant of the governor of New Jersey upon the requisition of the governor of New York charging him with the crime *Page 563 
of petit larceny. I am of the opinion that the argument of counsel for the accused, and his objection to the latter's rendition to the New York authorities, is without merit. I am also of the opinion that the accused, convicted of crime in New York, for which he was sentenced to imprisonment and incarcerated in a penal institution within said state where he served part of his sentence, and released therefrom under a parole conditional, among other things, that he remain within the jurisdiction of the State of New York, having departed from the jurisdiction of said state before being released from such parole, is a fugitive from justice, within the purview of the law. The motive or reasons which brought about the departure of the accused from New York must be regarded as immaterial. The mere fact that he is found within the State of New Jersey is prima facie proof that he fled the jurisdiction of New York, and he must, in my judgment, be regarded for the purpose of the matter sub judice as a convict who has escaped from the New York authorities, and, found within this state, be regarded as a fugitive from justice in the demanding state, New York. I am not unmindful of the decisions of our court. In re Voorhees, 32 N.J. Law 141, and In reThompson, 85 N.J. Eq. 221. My determination of the matter subjudice is not, in my judgment, inimical to the principles of law mentioned in the aforesaid cases. I have in mind too that if the legal rights of the accused be violated by the parole commission of the State of New York in causing his being retaken and re-imprisoned on the ground that he violated his conditional parole, or otherwise, the courts of New York will afford him adequate redress upon his resorting thereto therefor. In Dolan'sCase, 101 Mass. 219, it appears the prisoner was returned from Ohio to Massachusetts on extradition to serve out an unexpired sentence. In Hollon v. Hopkins, 21 Kan. 638, a prisoner was returned for a like purpose. It is manifest to me that the parole commission of the State of New York is empowered by the statutory enactment under which said commission is created, "to make all necessary rules and regulations not inconsistent with the laws of the *Page 564 
state, prescribing the conditions under which eligibility for parole may be determined and under which inmates may be paroled, conditionally released, discharged, retaken and reimprisoned." It cannot be disputed that rules and regulations so authorized to be made are tantamount to statutory enactments. In pursuance of authority conferred upon it by the New York legislature, said commission adopted "rules of procedure for establishing the eligibility for parole for all inmates committed to the city reformatory, penitentiary and workhouse," and rule 4 thereof provides: "A paroled inmate may be returned to custody for violation of parole upon a warrant executed by a member of the commission, either with or without interviewing the offending inmate." In People v. Mallon, 218 N.Y. Supp. 432 (at p.441), reference is made to the case of Ex Parte Williams,10 Okla. Cr. 344; 51 L.R.A. (N.S.) 668, wherein it appears that the fugitive was charged by indictment, tried and convicted, for the crime of grand larceny in the State of Indiana; that he received a sentence of from one year to fourteen years; before the expiration of the term of his sentence he was paroled by the board of commissioners of the Indiana state prison; that he removed from the State of Indiana to the State of Oklahoma, was thereafter declared a delinquent, and his parole revoked; that the governor of Indiana thereupon presented requisition papers to the governor of Oklahoma for his surrender to the former state as a fugitive from justice, and the Oklahoma court said: "There is but one question in this case, and that is the legality of the revocation of the parole of the petitioner; but this is a question for the courts of Indiana, for they alone have the right to construe their constitution and laws. When the governor's action in any matter is authorized by law, it is our duty to sustain such action, * * *." Reference is also made therein toEx Parte Carroll, 86 Tex.Crim. Rep.; 8 A.L.R. 901, wherein the court of criminal appeals of Texas held: "One who was convicted under an indictment and was sent to prison and was paroled and broke the conditions upon which his freedom from confinement depended was in no *Page 565 
better position than if he had escaped by force, and was subject to extradition." Reference is also made therein to the case ofPeople, ex rel. Newton v. Twombly, 228 N.Y. 33;126 N.E. Rep. 255, 256, wherein Judge Cardozo said: "A prisoner who has broken his parole is in the same plight for most purposes as one who has escaped * * *." It is pointed out in People v. Mallon, supra
(at p. 441), that the case of In re Whittington, 34 Cal.App. 344; 167 P. 404, which held the question of whether the accused had left the demanding state of his own volition, or under compulsion of legal process, could be inquired into, was opposed to the uniform current of the decisions of the United States supreme court, which held that there can be no inquiry into the motives which caused an alleged fugitive to depart from one state and take refuge in another; that there is no discretion allowed, no inquiry into motives." Citing Drew v. Thaw, 235 U.S. 432;35 Sup. Ct. 137; 59 L.Ed. 302.
I will advise an order dismissing the writ of habeas corpus
heretofore granted in the above entitled matter, and directing therein that the accused, Joseph Cohen, be delivered to the agent of the parole commission of the city of New York named in the rendition warrant issued by the governor of New Jersey.