(No. 22608.—

THE PEOPLE *ex rel.* Edward McFadden, Appellant,. *vs.*
WILLIAM D. MEYERING, Sheriff, Appellee.

*Opinion filed December 18, 1934.*

STANSBURY & CALLAGHAN, (NORTHUP & BEARDSLEY,
of counsel,) for appellant.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY,
State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON,
HENRY E. SEYFARTH, and WALTER McCOY, of counsel,)
for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Edward McFadden was apprehended as a fugitive from
justice by the authority of a Governor's warrant issued up-
on the demand of the Governor of Wisconsin. The sheriff
produced McFadden in the criminal court of Cook county.
The prisoner filed a petition charging, among other things,

that he was not a fugitive from the justice of Wisconsin and praying for a writ of *habeas corpus* to relieve him from his detention. A hearing upon the petition resulted in its dismissal and the consequent remandment of the petitioner to the sheriff's custody. McFadden prosecutes this appeal.

The warrant of the Governor of this State and the requisition of the Governor of Wisconsin for the rendition of McFadden were introduced in evidence. The requisition was accompanied by the complaint charging McFadden, on July 19, 1933, in Walworth county, Wisconsin, with the possession of a machine gun for aggressive purposes and the carrying concealed of other dangerous weapons; the warrant issued upon that complaint; the affidavit by the sheriff of Walworth county in support of the requisition and the district attorney's certificate of approval. The Governor of Wisconsin certified to the authenticity of the papers attached to his requisition.

Two witnesses testified; and a statement which, it was agreed, sets forth the testimony of a third was admitted in evidence. From the testimony and the statement, it appears that several police officers of the city of Chicago and four agents of the United States Department of Justice, on July 20, 1933, entered the county jail of Walworth county, Wisconsin, at Elkhorn, in which McFadden was incarcerated; that the sheriff surrendered him to the custody of the Federal agents; that at the request of these agents, the police officers took McFadden to Chicago; that he was kept at the detective bureau in that city until July 24, 1933, when, at the request of a representative of the government of the United States, he was returned to the county jail at Elkhorn; that after his detention there for less than an hour he was removed to Milwaukee upon a United States commissioner's warrant; that subsequently he was taken to St. Paul, Minnesota, where he was detained from August 18, until December, 1933; that he was then brought

444

back to Illinois to answer, with other defendants, the charge of kidnapping, and that the entry of a *nolle prosequi* upon the trial of that charge resulted in his release.

A single question is presented for decision. It is whether, under the laws of the United States and the State of Illinois, McFadden, the relator, is a fugitive from the justice of the State of Wisconsin.

The second paragraph of section 2 of article 4 of the constitution of the United States provides that a person charged in any State with treason, felony or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime. The pertinent part of the Federal statute enacted to enforce the foregoing provision of the constitution, provides that whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. (18 U. S. C. A. sec. 662). Section 2 of the act of this State in relation to fugitives from justice (Cahill's Stat. 1933, pp. 1494, 1495; Smith's Stat. 1933, p. 1541) provides that, before any person so apprehended shall be delivered into the custody of the agent of

the demanding State, he shall be produced in the circuit court of the county wherein he was arrested, or if it occurred in Cook county, then in the criminal court of that county, and that the judge shall, in open court, inform him of the cause of his arrest, the nature of the process, and if he claims, among other things, that "he is not a fugitive from the justice of the demanding State, *i. e.,* that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged, is alleged to have been committed," he may have a writ of *habeas corpus* upon the filing of an affidavit to that effect.

It is not necessary that a person who has committed a crime against the laws of a State should leave that State to avoid prosecution, anticipated or begun, in order to be considered a fugitive from justice. In whatever manner or for whatever reason he may have gone into the asylum State he is regarded in law as a fugitive from the justice of the demanding State. *People* v. *Smith,* 352 Ill. 496; *People* v. *Baldwin,* 341 id. 604; *People* v. *Traeger,* 340 id. 147; *Appleyard* v. *Massachusetts,* 203 U. S. 222; *Roberts* v. *Reilly,* 116 id. 80.

The relator was first brought to Illinois from Wisconsin by the direction of agents of the Department of Justice of the United States. The State of Wisconsin did not voluntarily surrender him to the authorities of this State. Even if the waiver of the right of extradition by the State of Wisconsin could arise out of the forcible expulsion of the relator from, and by the act of, that State, no such question is presented by the facts of this case. The relator's second return to Illinois was from Minnesota. The Federal authorities had taken him from Walworth county, Wisconsin, to Illinois, thence back to Wisconsin and finally to Minnesota where he was detained about four months. The subsequent prosecution in Illinois upon the charge of kidnapping resulted in the relator's discharge from custody.

His arrest thereafter by the authority of the Governor's warrant occurred while he was at liberty in this State. The burden rested upon the relator to prove that he was not a fugitive from the justice of the State of Wisconsin. (*People* v. *Munie,* 354 Ill. 490; *People* v. *Wirz,* 349 id. 80). He has not sustained that burden.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*