### BREWER v. GOFF, Sheriff, etc.
### No. 2753.

Circuit Court of Appeals, Tenth Circuit.

Oct. 29, 1943.

Sid White, of Oklahoma City, Okl., for appellant.

No appearance for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this proceedings in habeas corpus, appellant seeks his release from the custody of the Sheriff of Oklahoma County, Oklahoma, by whom he is detained on authority of an extradition warrant issued by the chief executive of Oklahoma on demand of the chief executive of California, who

seeks his extradition to California as a fugitive from justice. The asserted illegality of his detention is based upon the narrow premise that since he is not voluntarily in the State of Oklahoma, but is here only in obedience to the compulsory processes of that State, he is not a fugitive from justice within the meaning and intendment of the Constitution and laws of the United States, Art. 4, Sec. 2, Constitution of the United States; R. S. § 5278, 18 U.S.C.A. § 662, relating to extradition, and therefore is not subject to extradition by the State authorities.

The following facts are pertinent to the question involved. On February 15, 1938, appellant was convicted of burglary in San Bernardino County, California, and was sentenced to imprisonment for a term of seven years, but was paroled and permitted to go to Amarillo, Texas, before the served one-half of his sentence. While residing in Texas, he entered the State of Oklahoma, committed the offense of burglary, and returned to Texas, where he was extradited to Oklahoma, and was tried, convicted, and sentenced to the Oklahoma State Penitentiary. While serving this sentence in Oklahoma, California revoked his parole, and the chief executive of that State made demand of the chief executive of Oklahoma for his surrender and extradition to answer the charges against him in the State of California. Upon his release from the Oklahoma State Penitentiary, the chief executive of Oklahoma issued an extradition warrant, and accordingly appellant was delivered to an agent of the State of California, who temporarily lodged him in the custody of the Sheriff of Oklahoma County (appellee here), pending his removal to the State of California.

After having unsuccessfully prosecuted a habeas corpus proceedings before the Oklahoma Criminal Court of Appeals,[1] the appellant commenced this proceedings in the United States District Court for the Western District of Oklahoma, seeking his release on the same grounds asserted in the State court. The writ was denied, the court holding that the petitioner was a fugitive from justice within the meaning of the Constitution and laws of the United States, and as such was subject to extradition.

Interstate extradition is controlled by the Federal Constitution and the laws enacted in pursuance thereof. Article 4, Section 2, Clause 2 of the Constitution of the United States provides, "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the Executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime." In furtherance of this Constitutional provision, Congress has provided that "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. * * *" R.S. § 5278, 18 U.S.C. A. § 662.

■ The Constitutional provision and the procedural statute were intended to provide a summary executive proceedings, by the use of which the closely associated states of the union could promptly aid one another in bringing to trial persons accused of crime in one state, but found in another beyond the reach of the state where the crime was committed. To this end, the courts have given the Constitution and statute a liberal construction in order to effectuate and expedite the administration of justice in the several states. Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193; Appleyard v. Massachusetts, 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073; Lascelles v. Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549; Roberts v. Reilly, 116 U.S. 80, 94, 6 S.Ct. 291, 29 L.Ed. 544; Ex parte Reggel, 114 U.S. 642, 650, 5 S.Ct. 1148, 29 L.Ed. 250; Commonwealth of Ken-

---

[1] The court denied the writ without opinion.

tucky v. Dennison, 24 How. 66, 104, 16 L.Ed. 717; Ex parte Anthony, 198 Wash. 106, 87 P.2d 302.

■ The only prerequisites to extradition from one state to another are, that the person sought to be extradited is substantially charged with a crime against the laws of the demanding state, and that he is a fugitive from justice. McNichols v. Pease, 207 U.S. 100, 108, 109, 28 S.Ct. 58, 52 L.Ed. 121; Appleyard v. Massachusetts, supra; Roberts v. Reilly, supra. Admittedly, the extradition papers are in proper form, that is, he is substantially charged with having violated his parole in California, and it is well established that a parole violation is an extraditable offense within the meaning of the statute. Reed v. Colpoys, 69 App.D.C. 163, 99 F.2d 396, certiorari denied 305 U.S. 598, 59 S.Ct. 97, 83 L.Ed. 379; Ex parte Williams, 10 Okl.Cr. 344, 136 P. 597, 51 L.R.A.,N.S., 668; Ex parte McBride, 101 Cal.App. 251, 281 P. 651; People ex rel. Westbrook v. O'Neill, 378 Ill. 324, 38 N.E.2d 174. The inquiry whether the appellant is a fugitive from justice is one of fact, to be resolved by the chief executive of the State of Oklahoma to whom the demand for extradition is made, and his judgment thereon is not subject to judicial impeachment by habeas corpus unless it conclusively appears that the person sought to be extradited could not be a fugitive from justice under the law. See Ex parte Reggel, supra; Roberts v. Reilly, supra; Appleyard v. Massachusetts, supra; Hyatt v. People ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657; Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515; Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497; State of South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292; Ex parte Owen, 10 Okl.Cr. 284, 136 P. 197, Ann.Cas.1916A, 522.

■ In Roberts v. Reilly, 116 U.S. 80, 97, 6 S.Ct. 291, 300, 29 L.Ed. 544, it is said, "To be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, he has left its jurisdiction, and is found within the territory of another." See also Appleyard v. Massachusetts, supra. Thus it is plain that the question whether one is a fugitive from justice, within the meaning and intendment of the Federal extradition statute, does not depend upon the cause or reason for his absence from the demanding state, or his presence in the asylum state. See Ex parte Foster, 60 Okl.Cr. 50, 61 P.2d 37; Ex parte George, 63 Okl.Cr. 115, 73 P.2d 471; Ex parte Martin, 142 Kan. 907, 52 P.2d 1196; Ex parte Anthony, 198 Wash. 106, 87 P.2d 302; State ex rel. Shapiro v. Wall, 187 Minn. 246, 244 N.W. 811, 85 A.L.R. 114; see also annot. 85 A.L.R. 118.

We conclude that the appellant is a "fugitive from justice," and the judgment is affirmed.