WATSON MOULTHROPE *v.* EDWARD MATUS

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 9—decided November 25, 1952

*Thomas F. McDonough,* for the appellant (plaintiff).

*Albert S. Bill,* state's attorney, with whom, on the brief, was *Joseph V. Fay, Jr.,* assistant state's attorney, for the appellee (defendant).

BALDWIN, J. The plaintiff sought and obtained a writ of habeas corpus. After issue had been joined, the court ordered that judgment be entered dismissing the writ and remanding the plaintiff into the defendant's custody. The plaintiff has appealed from this judgment. His assignments of error based on the refusal of the trial court to find certain facts stated in his draft finding were withdrawn during oral argument. This leaves only his claims that the facts found do not support the conclusions reached and that the court erred in overruling his claims of law.

The finding may be summarized as follows: In 1925, the plaintiff was convicted of a crime by a

Florida court and was sentenced to serve a term of five years in prison. In 1928, the board of pardons of that state granted him a conditional pardon which he accepted upon the understanding that he would lead a sober, peaceable and law-abiding life. Thereafter, the plaintiff came to Connecticut where, in 1929, he was convicted of the crime of robbery with violence and sentenced to a long term of imprisonment in the Connecticut state prison. While serving this sentence he escaped and returned to Florida, where he committed the crime of murder in the first degree and was convicted therefor. The governor of Connecticut, apparently in the interest of prison discipline in this state, made requisition upon the governor of Florida for the return of the plaintiff to answer to the charge of escape from prison and of theft of a motor vehicle. After his conviction of murder but before the plaintiff was sentenced to a term of life imprisonment and a mittimus was issued to carry the sentence into effect, the governor of Florida issued a warrant for his extradition. On the same day, the plaintiff was delivered to officers of the state of Connecticut. These officers, with the permission and assistance of Florida officers, brought the plaintiff to Connecticut under compulsory process. He was put to trial, convicted and sentenced to serve a long term in the Connecticut state prison. In 1948, the board of pardons of the state of Florida withdrew its conditional pardon and ordered that immediately upon the release of the plaintiff from the Connecticut state prison he be returned to the custody of the state of Florida to serve the unexpired portion of the first sentence imposed upon him there and the sentence of life imprisonment. The governor of Florida thereupon made requisition upon the governor of Connecticut for the

return of the plaintiff as a fugitive from justice. Acting in response thereto, the governor of Connecticut issued his warrant to the defendant, a state policeman, requiring the arrest of the plaintiff and his delivery to the Florida authorities.

The decisive question presented by the plaintiff in his appeal is whether he is a fugitive from justice within the meaning of the federal constitution and the statutes permitting the extradition from one state to another of a person charged with crime. U.S. Const. Art. IV § 2; 62 Stat. 822, 18 U.S.C. § 3182 (Sup. 5, 1952). He claims that he is not a fugitive from justice because he was taken from Florida forcibly and against his will by compulsory legal process. He also alleges that the Florida board of pardons was without power to withdraw his conditional pardon after the expiration of the period of the sentence originally imposed upon him.

An application to the governor for a warrant of extradition presents the twofold question whether the person demanded has been substantially charged with a crime against the laws of the state where he is wanted and whether he is a fugitive from justice from that state. *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 A. 90. We pass over the first point for later consideration and discuss the second, i.e., whether the plaintiff is a fugitive from justice. The inquiry is one of fact, to be resolved by the chief executive of the state upon which demand is made. His decision cannot be impeached unless it conclusively appears that the plaintiff could not be, under the law, a fugitive. *Brewer* v. *Goff,* 138 F.2d 710, 712. "A person charged by indictment or by affidavit before a magistrate with the commission within a State of a crime covered by its laws, and who, after the date of the commission of such crime leaves the State—no

matter for what purpose or with what motive, nor under what belief—becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice, and if found in another state must be delivered up by the Governor of such State to the State whose laws are alleged to have been violated, on the production of such indictment or affidavit, certified ·as authentic by the Governor of the State from which the accused departed. Such is the command of the supreme law of the land, which may not be disregarded by any State." *Appleyard* v. *Massachusetts,* 203 U.S. 222, 227, 27 S. Ct. 122, 51 L. Ed. 161; *Lee Won Sing* v. *Cottone,* 123 F.2d 169, 172, 74 App. D.C. 374; *Barrett* v. *Bigger,* 17 F.2d 669, 670, cert. denied, 274 U.S. 752, 47 S. Ct. 765, 71 L. Ed. 1333. One need not necessarily have left the state for the purpose of avoiding arrest or prosecution to be a fugitive from justice. *People ex rel. McFadden* v. *Meyering,* 358 Ill. 442, 445, 193 N.E. 475. It is enough if, after committing a crime in one jurisdiction, the perpetrator departs and is later found in another. *Hogan* v. *O'Neill,* 255 U.S. 52, 56, 41 S. Ct. 222, 65 L. Ed. 497; *People* v. *Stilwell,* 244 N.Y. 196, 201, 155 N.E. 98; 2 Moore, Extradition, § 578; 35 C.J.S. 327; note, 85 A.L.R. 118. A paroled convict who has left one state with the express consent of the authorities can nevertheless become a fugitive from justice in another state when his parole has been revoked. *Brewer* v. *Goff,* 138 F.2d 710, 712; *People ex rel. Hutchings* v. *Mallon,* 218 App. Div. 461, 471, 218 N.Y.S. 432, aff'd, 245 N.Y. 521, 157 N.E. 842; *People ex rel. Westbrook* v. *O'Neill,* 378 Ill. 324, 327, 38 N.E.2d 174; see *Drinkall* v. *Spiegel,* 68 Conn. 441, 450, 36 A. 830. This is true even where the paroling state has forced him to leave as a condition of his

parole. *Broyles* v. *Mount,* 197 Ga. 659, 661, 30 S.E.2d 48. It has frequently been held that, even if the prisoner was forcibly removed from the state by federal authorities, he is still a fugitive from justice. *State ex rel. Shapiro* v. *Wall,* 187 Minn. 246, 249, 244 N.W. 811; *Kelly* v. *Mangum,* 145 Ga. 57, 58, 88 S.E. 556; *Spencer* v. *Hamilton,* 12 F.2d 976, 977; *In re Cohen,* 104 N.J. Eq. 560, 563, 146 A. 423; 29 Col. L. Rev. 1157. The case of *In re Whittington,* 34 Cal. App. 344, 167 P. 404, relied upon by the plaintiff, is contrary to the weight of authority and one which we refuse to follow.

In the case at bar, the governor of Florida honored the requisition of the governor of Connecticut and issued the warrant after the plaintiff was convicted and before he was sentenced. After sentence, he was delivered to the Connecticut authorities and taken out of the state under compulsory process. He claims, therefore, that he is not now a fugitive from Florida justice because her authorities turned him over to the Connecticut authorities without his consent and thus voluntarily released him. This is the equivalent of saying that the plaintiff, under sentence for a crime committed in Florida and wanted to stand trial for a crime committed in Connecticut, can exercise a choice in the matter with which the Florida authorities can only disagree at the risk of losing all control over him. The adoption of any such proposition would tend to defeat the purpose of extradition, which is to prevent state boundaries from providing those charged with crime with a means of asylum. Even though the plaintiff was removed from Florida by legal process and against his will, he is none the less a fugitive from justice in the sense required by a reasonable and salutary construction of the constitution and the statutes.

The plaintiff's efforts to avoid extradition on this ground must fail.

The plaintiff raises no question concerning the form of the requisition made by the governor of Florida. He does claim, however, that the revocation of his conditional pardon by the Florida board of pardons after the time for serving the original sentence had expired was invalid and that therefore the "warrant for extradition for the compliance with such revocation" is unenforceable. The Supreme Court of Florida has held that such a revocation is valid. *State* v. *Horne,* 52 Fla. 125, 138, 42 So. 388. We must recognize the law in this matter as it is established by the Florida court. *Cappola* v. *Platt,* 123 Conn. 38, 42, 192 A. 156.

There is no error.

In this opinion the other judges concurred.