**UNITED STATES ex rel. Watson MOULTHROPE, Petitioner-Appellant,**

v.

**Edward MATUS, Respondent-Appellee.**
**No. 67, Docket 23166.**

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1954.
Decided Dec. 31, 1954.

William S. Gordon, Jr., Hartford, Conn. (Gordon, Muir & Fitzgerald and Stephen M. Riley, Hartford, Conn., on the brief), for petitioner-appellant.

Albert S. Bill, State's Atty. for Hartford County, Conn., Hartford, Conn. (Douglass B. Wright, Asst. State's Atty. for Hartford County, Conn., Hartford, Conn., on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

CLARK, Chief Judge.

■ Relator appeals from the dismissal of his writ of habeas corpus challenging the legality of his detention under an outstanding warrant for his extradition to Florida. Relator claims that, since Florida forcibly extradited him to Connecticut in 1930,[1] he cannot now be considered a fugitive from justice within U.S.Const. Art. IV, § 2, and 18 U.S.C. § 3182. He asserts that by honoring Connecticut's earlier demand Florida has given him an irrevocable right of asylum in that state. This argument was rejected by the Supreme Court of Errors of the State of Connecticut after full analysis of the facts and the law of this case. Moulthrope v. Matus, 139 Conn. 272, 93 A.2d 149, certiorari denied 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357. We concur in the well-reasoned and persuasive opinion of Justice Baldwin speaking for a unanimous court.

■ Extradition from one state to another must comply with the provisions

1. This is an adequate statement to present the problem; a fuller history would show: a conviction of relator for robbery in Florida in 1925, followed by imprisonment there and a pardon in 1928 conditioned upon his leading a "law-abiding life"; a conviction of robbery in Connecticut in 1929, followed by imprisonment there and escape to Florida; a conviction of murder in Florida in 1930, followed within a week by his forcible extradition to Connecticut, where he was resentenced to a long term in prison; a revocation of the pardon by Florida in 1948; and a requisition by Florida to the Governor of Connecticut for extradition in 1949, which being honored led first to a writ of habeas corpus dismissed in the state courts and then to the present proceedings for a federal writ of habeas corpus.

of the Constitution, which are exclusive, but need not necessarily be in accord with the provisions of 18 U.S.C. § 3182, which are not. Innes v. Tobin, 240 U.S. 127, 36 S.Ct. 290, 60 L.Ed. 562. The literal language of both the Constitution and the statute has been considerably expanded over the years. Thus it has been held that "To be regarded as a fugitive from justice it is not necessary that one shall have left the state in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which by the law of the state constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another state." Hogan v. O'Neill, 255 U.S. 52, 56, 41 S.Ct. 222, 223, 65 L.Ed. 497; and see Brewer v. Goff, 10 Cir., 138 F.2d 710. In the course of interpretation the phrase "fled into," found in both the Constitution and the statute, has been assimilated into the phrase "fugitive from justice." As pointed out below and in the state court, the case of In re Whittington, 34 Cal.App. 344, 167 P. 404, seems not to have been generally followed.

 But even if some residue of independent meaning for "fled into," in the sense of voluntary departure, could be said to remain in the federal statute, that would not preclude a wider application of extradition by state law. Innes v. Tobin, supra, 240 U.S. 127, 36 S.Ct. 290, 60 L. Ed. 562.[2] Connecticut had ample power, under its common-law rights of enforcing comity, to honor the warrant of extradition in this case, even though it had no specific extradition statute of its own.

See Black, Interstate Rendition as Applied to a Person Brought Involuntarily into the Surrendering State, 29 J.Crim. L. & Criminology 309; Note, Criminal Law—Interstate Rendition—Section 6 of Uniform Extradition Act Constitutional, 91 U. of Pa.L.Rev. 669; Note, Extradition—Interstate Rendition—Involuntary Departure from Demanding State, 29 Col.L.Rev. 1157.

Affirmed.

---

2. Certain expressions used in this case by Chief Justice White might seem to suggest a more restrictive meaning for the phrase "fled into," but the decision itself is clear-cut in allowing extradition on facts substantially similar to the situation before us. The case concerned the extradition into Georgia of a person who had come into Texas by extradition from Oregon; and the extradition into Georgia was upheld below, Ex parte Innes, 77 Tex.

Cr.R. 351, 173 S.W. 291, L.R.A.1916C, 1251, on the basis of a local statute broader than the federal one, but substantially identical with the constitutional provision. But the absence of a local statute in Connecticut does not make this case significantly different from the Innes one, for the opinion of the Supreme Court did not even advert to the existence of the local statute, but made only general reference to local law.