[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this habeas corpus action contests his arrest by virtue of a governor's rendition warrant signed by Governor Lowell P. Weicker, Jr. authorizing the petitioner's extradition to the State of Florida. On October 10, 1989, the petitioner was convicted of a number of charges in Florida, including two counts of sale, purchase or delivery of cocaine. He was sentenced to a total effective sentence of seven years. On December 24, 1992 the petitioner was released from custody because his sentence had been satisfied. Early in 1993 he came to Connecticut and he resided in Stamford until his arrest on December 1, 1993 by the defendant Detective Correia of the Connecticut State Police. Serrano has remained in custody since his arrest and the second named defendant is the warden of the correctional institution where the petitioner is held.
The State of Florida seeks the petitioner's return to Florida to serve additional time on his seven-year sentence imposed in 1989 because of an improper, calculation of the petitioner's release date. On December 31, 1992 the Florida Attorney General issued an opinion that the Department of Corrections had been miscalculating prisoner release dates. The papers forwarded from Florida indicate that the Florida Supreme Court in April, 1993 upheld the Department of Corrections' retroactive invalidation of provisional credits given under the prior erroneous calculation.
The scope of the inquiry of the custodial state when an extradition is challenged in habeas proceedings is narrow. Parks v. Bourbeau, 193 Conn. 270, 288 (1984). The hearing is limited to just four issues: a) whether the extradition documents are, on their face, in order; b) whether the petitioner has been charged with a crime in the charging state, here the State of Florida; c) whether the petitioner is the person charged in the charging state; and d) whether the petitioner is a fugitive. Narel v. Liburdi, 185 Conn. 562, 565
(1981), cert. den. 456 U.S. 928 (1982), citing Cuyler v. Adams,449 U.S. 433, 443n (1981) and Michigan v. Doran, 439 U.S. 282,289 (1978). The petitioner here concedes that the extradition documents are in order and that he is the person sought by the State of Florida. However, he disputes that he is charged with a crime in Florida and he denies that he is a fugitive. CT Page 612
The petitioner makes two claims that he is not charged with a crime in Florida. First he contends that the rendition warrant fails to show that he is charged with a crime insofar as it states that he is charged with "Failure to Complete Sentence." The rendition warrant states that the petitioner is charged with the crimes of "Sale, Purchase or Delivery of Cocaine and Failure to Complete Sentence" in Dade County, Florida. The Florida requisition warrant which led to the issuance of the rendition warrant states that the petitioner is "charged and convicted of the crime of Sale, Purchase or Delivery of Cocaine and is wanted to complete sentence . . ." "Failure to complete sentence" is not shown in the Florida documents as one of the criminal charges made against the petitioner. It appears that the Connecticut authorities misinterpreted the Florida requisition warrant and the petitioner's claim in this regard is meritorious.
However, the petitioner is validly charged with a crime in the State of Florida, the crime of Sale, Purchase or Delivery of Cocaine, which is also cited in the rendition warrant. The petitioner's argument on this charge is that the use of a new method of calculating his release date is a violation of the ex post facto clause of Article 1 of the United States Constitution. In support of this claim, he cites Miller v. Florida, 482 U.S. 423 (1987), where the United States Supreme Court held that the application of sentencing guidelines adopted after the commission of the crime, with the result of a higher sentence, violated the ex post facto clause of the United States Constitution.
While the petitioner's claim in this regard may be meritorious, it is not a claim which is properly raised here in Connecticut, the custodial state. "The custodial court may not inquire into the merits of the charge or into any claimed procedural infirmities, constitutional or otherwise, lurking in the prosecution. . . Such matters are to be determined by the court the charging state." Narel v. Liburdi, supra at 565. In Engel v. Bourbeau, 201 Conn. 162 (1986), the petitioner claimed that the Georgia criminal statute under which he was charged was unconstitutional. Our Supreme Court upheld the trial court's ruling which declined to review the constitutionality of the Georgia statute. Therefore, this court finds that the petitioner has been charged with (and also convicted of) a crime in the charging state, Florida. CT Page 613
The final issue is whether the petitioner is a fugitive. The question of whether the petitioner is a fugitive is a question of fact which is decided by the governor of the state upon which demand is made. Moulthrope v. Matus, 139 Conn. 272,275 (1952), cert. den. 345 U.S. 926. The governor's decision cannot be impeached unless it appears conclusively that the petitioner could not under the law be a fugitive. Id.
The petitioner in Moulthrope had been pardoned and thereafter left the state where the criminal charges had been filed. The court noted that the purpose or motive for leaving the state is not pertinent to a determination whether the petitioner is a fugitive. "One need not have left the state for the purpose of avoiding arrest or prosecution to be a fugitive. . . It is enough if, after committing a crime in one jurisdiction, the perpetrator departs and is later found in another." Id. at 276. "A paroled convict who has left one state with the express consent of the authorities can nevertheless become a fugitive from justice in another state when his parole has been revoked." Id.
The petitioner's status here is analogous to that of a parolee whose parole has been revoked or a pardoned prisoner whose pardon is revoked. He is a fugitive by virtue of the fact that he resides in Connecticut after having committed crimes in Florida.
The petition for habeas corpus is dismissed.
CHRISTINE S. VERTEFEUILLE, JUDGE