STATE OF MINNESOTA, *ex rel.* Harriet Burner, *vs.* FRED. RICHTER.

November 11, 1887.

Extradition—"Fugitive from Justice," Defined.—To be a fugitive from justice in the sense of the act of congress regulating the subject of extradition, (U. S. Rev. St. § 5278,) it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed a crime against its laws, when he is sought to be subjected to its criminal process to answer for his offence, he has left its jurisdiction, and is found within the territory of another state. *Roberts* v. *Reilly,* 116 U. S. 80. The important fact is not his purpose in leaving, but that he has left, and hence is be-

yond the reach of the process of the state in which the crime was committed. The fact that he is not within the state to answer the charge when required, renders him, in legal intendment, a fugitive from justice, regardless of his purpose in leaving.

*Habeas corpus*, with an ancillary writ of *certiorari*, to bring up the record from the district court for Ramsey county. It appears from the writs and returns that the relator is in the custody of the respondent, who is sheriff of Ramsey county, under and by virtue of a warrant of arrest and extradition issued by the governor of this state, upon the requisition of the governor of Kansas.

*Fayette Marsh*, for relator.

*Moses E. Clapp*, Attorney General, for the State.

MITCHELL, J. The question here is whether the relator is a fugitive from justice, within the meaning of U. S. Rev. St. § 5278. The record shows that she was duly charged with crime, committed in Shawnee county, and state of Kansas; and that, upon being arraigned on an information filed against her in the district court of that county, she entered a plea of guilty. It is not denied that she was in that state at the date when the crime is alleged to have been committed. It appears, and is not disputed, that after her plea, but before any sentence had been passed upon her, she left the state of Kansas and came to the state of Minnesota, where she has since remained. According to her testimony, the sheriff and county attorney of Shawnee county informed her, after the entry of her plea, that her presence there was no longer required, and advised and directed her to leave that state, which she thereupon did, and came to the state of Minnesota, to answer an indictment against her pending in the district court of Hennepin county, in accordance with the conditions of a recognizance which she had previously entered into in that court. Her contention is that, to constitute a fugitive from justice, a person must have left the state where the crime was committed for the purpose of escaping from the legal consequences of his crime; and that, inasmuch as she did not leave the state of Kansas for any such purpose, or with any such intent, she is not a fugitive from justice, within the meaning of the statute.

We think that this question has been determined adversely to the relator's contention by the supreme court of the United States, whose decisions upon the construction of federal statutes are controlling and binding upon all state courts. In *Roberts* v. *Reilly*, 116 U. S. 80, 97, (6 Sup. Ct. Rep. 291,) that court held that "to be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offence, he has left its jurisdiction and is found within the territory of another."

The meaning of this language is unmistakable, viz.: That the motives or purposes of the party in leaving the state where the crime was committed are entirely immaterial; that all that is necessary to constitute him a fugitive from justice is (1) that, being within a state, he there committed a crime against its laws, and (2) when required to answer its criminal process, he has left its jurisdiction, and is found in the territory of another state.

This construction fully accords with our own views. The sole purpose of this statute, and of the constitutional provision which it was designed to carry into effect, was to secure the return of persons who had committed crime within one state, and had left it before answering the demands of justice. The important thing is not their purpose in leaving, but the fact that they had left, and hence were beyond the reach of the process of the state where the crime was committed. Whether the motive for leaving was to escape prosecution or something else, their return to answer the charges against them is equally within the spirit and purpose of the statute; and the simple fact that they are not within the state to answer its criminal process, when required, renders them, in legal intendment, fugitives from justice, regardless of their purpose in leaving.

Some objections were made to the sufficiency of the extradition

papers, but we do not deem them of sufficient importance to require us to say more than that we do not think them well taken.

The writ is discharged, and the relator remanded to the custody of the sheriff of Ramsey county.