[Crim. No. 557. Second Appellate District.—July 21, 1917.]

## In the Matter of the Application of CALVIN K. WHITTINGTON for a Writ of Habeas Corpus.

CRIMINAL LAW—EXTRADITION—FUGITIVE FROM JUSTICE.—Where a person under arrest in another state for a crime committed therein is taken out of such state and brought into this state under extradition proceedings to answer for a crime previously committed in this state, and the proceedings against him in this state are dismissed, he is not a fugitive from justice within the meaning of that term as it is included in section 2 of article IV of the federal Constitution, so as to be subject to be taken back to the state from which he was extradited.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

William Thomas Helms, Frank Dominguez, Milton Cohen, and Guy Eddie, for Petitioner.

F. W. Shelley, Deputy District Attorney, for Respondents.

JAMES, J.—Petitioner herein claims to be illegally restrained of his liberty and prosecutes this writ for the purpose of securing discharge from custody of the police authorities of the city of Los Angeles and from the custody of the sheriff of Tarrant County, state of Texas. The latter officer

claims the right to the custody of the petitioner under the authority of a warrant of rendition issued by the Governor of California upon a requisition made by the Governor of Texas. The facts shown are these: Petitioner was heretofore arrested in the state of Texas for a crime alleged to have been there committed, and was taken into custody by the peace officers at Fort Worth. While there held in custody a requisition issued by the Governor of California was honored by the Governor of the state of Texas. This requisition upon the Governor of Texas was made upon a showing that petitioner here had theretofore committed the crime of murder in the state of California. The police authorities at Forth Worth, upon having presented to them the Governor's warrant of that state then in the hands of the agent of the state of California, relinquished control and custody of the petitioner and he was immediately taken under the warrant mentioned to the state of California to answer to the charge of murder. The latter charge was not pressed to trial in California. It was dismissed or otherwise disposed of; whereupon the Governor of Texas made requisition upon the Governor of California to have petitioner returned to Texas to answer to the same offense for the alleged commission of which he was held under arrest at the time the police authorities of Fort Worth relinquished him into the hands of the state agent to be returned to California. Petitioner has never been released from custody since he was first arrested in the state of Texas for the crime there alleged to have been committed by him. It is his contention now that under these facts he cannot be considered as being a fugitive from justice within the meaning of that term as it is included in section 2 of article IV of the Constitution of the United States. That provision is, in part, as follows: "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." No serious contention is urged as to the right of the court upon *habeas corpus* to go behind the warrant of rendition and inquire as to the matter here put in issue. It is the contention, however, of respondents that whenever, upon examination of the question, it appears that the person sought to be extradited has committed a crime in a sister state and is found

within the state issuing the warrant of rendition, it must be at once concluded that such person is a fugitive from justice and that the inquiry there ends. We are cited to *People* v. *Pinkerton,* 17 Hun (N. Y.), 199; *Roberts* v. *Reilly,* 116 U. S. 80, [29 L. Ed. 544, 6 Sup. Ct. Rep. 291]; *Appleyard* v. *Massachusetts,* 203 U. S. 222, 223, [7 Ann. Cas. 1073, 51 L. Ed. 161, 27 Sup. Ct. Rep. 122]; *State* v. *Richter,* 37 Minn. 436, [35 N. W. 9]. These cases are all harmonious to the point that the question of the motive or intent of a person who, having committed a crime in one state, leaves that state and is apprehended in another jurisdiction, is immaterial, and that it will be presumed that his leaving the state within which the offense was committed was with intent to avoid prosecution therefor. Some very broad language is used in *People* v. *Pinkerton, supra,* where the court says: ''The charge that he committed a crime in that state, coupled with the fact that he is found in this state, is conclusive upon the question whether he is a fugitive from justice.'' None of these cases present facts which fit those illustrated by the evidence before us, in that no question was involved as to the act of the accused in departing from the state being other than one governed by his own volition and not under the compulsion of legal process, and therein we think lies a most important distinction. In this case the petitioner had been taken into custody to answer to the charge pending in the state of Texas and the authorities there voluntarily turned him over to the agent of the state of California, to be brought here to answer for the offense alleged to have been committed in California. The California authorities held him in custody and deciding finally not to prosecute him in this state, continued to restrain him of his liberty, and delivered him into the custody of the agent from the state of Texas to be taken back there to answer for the crime which he was not permitted to have trial of when first arrested. This, we think, may not be done. Cases have arisen where a person having committed a crime in state A, has appeared in state B, there committed another crime and in turn fled to state C, from which latter state he has been extradited and returned to state B. After the authorities of state B no longer desired to hold the prisoner, state A has sought by requisition to extradite him, and the accused by *habeas corpus* has presented the question that having been brought forcibly back into state B from state C,

he could not be returned to state A without being first allowed his liberty. The courts have held in such a case that the controlling fact against the prisoner was that he left state A in the first instance through his own volition, and therefore became a fugitive from justice in whatever state he might thereafter be apprehended. Some of these cases are referred to in *Hackney* v. *Welsh*, 107 Ind. 253, [57 Am. Rep. 101, 8 N. E. 141].) The court there in remanding the prisoner lays particular stress upon the fact that the accused was shown to have voluntarily departed from the state which sought his extradition. We find no cause to dispute the proposition as announced in the authorities cited by respondents, that where a person has committed a crime in one state and is found in another state, he will be presumed to have fled from the jurisdiction of the first. But in this case the prisoner did not leave the state of Texas by any voluntary act of his own. He was taken out of the state against his will and under compulsory process at a time when the state of Texas had him in custody with full right and power to prosecute him for the offense for which it now seeks to have him returned. Not only may it be said that he is not a fugitive because he did not voluntarily leave that state, but because also the state of Texas voluntarily relinquished the jurisdiction of its courts over his person and waived its right to thereafter have him brought back from the California jurisdiction to answer for the same offense. In an argumentative way the case of *In re Hess* (*Hess* v. *Grimes*), 5 Kan. App. 763, [48 Pac. 596], is authority for the conclusion last announced.

The prayer of the petition is granted and petitioner is ordered to be discharged from the custody of respondents.

Conrey, P. J., and Works, J., *pro tem.*, concurred.