[Crim. No. 4. Fourth Appellate District.—October 16, 1929.]

In the Matter of the Application of WILLIAM McBRIDE for a Writ of Habeas Corpus.

Utley & Nuffer for Petitioner.

Elmer W. Heald, District Attorney, and C. B. Smith, Deputy District Attorney, for Respondent.

SLOANE, P. J.—The petitioner, William McBride, was convicted in the Circuit Court of the state of Oregon, for Washington County, under four indictments charging him with larceny and grand larceny, after pleading guilty to the charges, and was on the ninth day of June, 1928, sentenced to be imprisoned in the state penitentiary of the state of Oregon for indeterminate periods, not to exceed five years each, upon each count. At the time of imposing sentence it was further ordered in consideration of the fact that defendant had made full restitution to those injured of all moneys taken, and payment of costs incurred by the county in the prosecution of the case, that defendant be paroled, on condition that said defendant report to the court and to the said parole board of the state of Oregon promptly, giving his place of residence, postoffice address and occupation, and it was further ordered that if defendant violates any laws or the terms of his parole, said parole will be revoked, and said defendant will be required to suffer the penalties herein imposed upon him. It further appears

that the petitioner was given permission by the court, during the continuance of his parole, to return to the state of California, his former home.

Petitioner returned to California in pursuance of this permit, and thereafter was arrested in the county of Imperial, California, for an offense similar to that for which he was under sentence in Oregon and was in the Superior Court of the state of California, in and for the county of Imperial, on March 6, 1929, found guilty as charged, and sentenced to serve a term of 180 days in the Imperial County jail. Thereafter proof of the petitioner's offense in California and conviction thereon having been brought to the attention of the Oregon court in which he had been first convicted and sentenced, an order of that court was made revoking the probation. This order recites that ''it appearing to the court that the above-named defendant was paroled upon his promise to refrain from other similar acts in the future, and to conduct himself as a law-abiding citizen, and it appearing that he has since been convicted in the state of California of a crime committed in the same manner, and under the same circumstances as the crime heretofore committed in the state of Oregon, and that the defendant has violated the terms of his parole; it is therefore ordered and adjudged that the parole of the above-named defendant be and hereby is revoked, and that a warrant issue directing the sheriff of said Washington County, Oregon, to arrest the above-named William McBride, wherever he may be found.'' Pending and prior to the expiration of said jail sentence in Imperial County, California, and after revocation of petitioner's parole in Oregon, extradition proceedings were instituted from the state of Oregon, and C. L. Gillett, sheriff of the county of Imperial, was served with a warrant based thereon, bearing the seal of the state of California, and signed by the Governor of the state, directing the delivery of the petitioner into the custody of an officer of the state of Oregon authorized to receive him into his custody and return him to the state of Oregon.

This proceeding, under writ of *habeas corpus,* was instituted to release petitioner from custody on the ground that he was, under the circumstances of the case, not a fugitive from justice in the state of California and was being illegally held.

254

The question presented under this state of facts is as to whether or not petitioner is a fugitive from justice from the state of Oregon and subject to extradition.

It is contended on the part of the petitioner that the Oregon court, having granted him probation, and having permitted him to come into the state of California, voluntarily waived any further jurisdiction over said person, and lost jurisdiction to revoke said parole order, and regain the custody of said petitioner, unless and until such time as petitioner might have returned to the state of Oregon voluntarily.

The provision of the federal Constitution relating to extradition is as follows: "A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." (U. S. Const., art. IV, sec. 2.)

Section 1548 of the Penal Code of California is as follows: "A person charged in any state of the United States with treason, felony or other crime, who flees from justice, and is found in this state, must, on demand of the executive authority of the state from which he fled, be delivered up by the governor of this state, to be removed to the state having jurisdiction of the crime."

It is apparent that one, to be subject to the extradition laws, must be shown to be a fugitive from justice from the state seeking his return. It may be conceded that the petitioner here was not a fugitive from justice within the state of California, so long as he was here by virtue of the conditions of his parole. If he is subject to extradition, it is by virtue of the fact that the revocation of his parole at once deprived him of his right to liberty, and subjected him to the execution of the sentence pronounced by the Oregon court.

Section 1586 of the Laws of Oregon makes the following provision for the parole of one sentenced in that state on conviction of a felony:

"Parole—In What Cases Granted.—Under What Supervision.

"When any person who has not previously been convicted of a felony shall have been convicted in the Circuit Court

of this state of any felony or misdemeanor, and sentenced not to exceed ten years imprisonment in the penitentiary, with or without fine, and sentence shall have been pronounced, the court before which the conviction shall have been had, if satisfied that such person, if permitted to go at large would not violate the law, may, in its discretion, by order of record, parole such person, and permit him or her to go and remain at large under the supervision of the court, or under the supervision of any prisoner's aid society now organized, or hereafter to be organized under the laws of the state of Oregon, subject always, however, to the order of such court, as such court may deem best, until such parole shall be terminated as hereinafter provided. But such court shall have no power to parole any person after he or she has been delivered to the warden of the penitentiary, or where it shall be made to appear to said court before such parole shall have been granted, that such person shall have been before convicted of a felony.'' (Laws 1905, chap. 177, p. 306; Laws 1909, chap. 153, p. 222; Laws 1911, chap. 108.)

And it is provided by section 1589 of the Oregon law as follows:

''Revocation of Parole.—Proceedings on.

''If any prisoner, when required, shall fail to give such bail bond or security, or shall fail to observe all and every of the conditions and requirements of said parole and order of said court, or shall be again convicted of a felony, then said parole shall be by order of said court revoked with or without notice to such prisoner, and said prisoner shall be committed to the penitentiary to serve out the original sentence imposed, in the same manner as if said parole had not been granted. The clerk shall deliver to the sheriff a certified copy of the sentence, together with a certificate that such person had been paroled and his parole has been terminated, and the sheriff shall, upon the receipt of such certified copy of sentence, immediately arrest such person and transport and deliver him or her to the warden of the penitentiary, and the time such person shall have been at large upon parole shall not be counted as a part of the sentence, but the time of sentence shall be counted from the day of the delivery to the warden of the penitentiary.'' (Laws 1905, chap. 177, p. 306, sec. 5.)

Under the authority of the foregoing provision for revoking parole, it is expressly provided that such revocation may be made upon satisfactory evidence to the court granting the same, that the conditions of the parole have been violated, and such order may be made without notice to or the presence in court of the prisoner. The same rule is held to obtain in the state of California, under the provisions of section 1203 of the Penal Code relating to probation. The Second District Court of Appeal, in the case of *People* v. *O'Donnell*, 37 Cal. App. 192 [174 Pac. 102], says that it is clearly deducible from the language of said section 1203 : "That the court may, whether the defendant be present or absent from court at the time, revoke the order suspending the imposition of sentence, or the execution thereof, and admitting him to probation upon a sufficient showing that he has violated any of the terms and conditions upon which such order was made."

Our attention has been called to no restriction on the summary authority of the court under such a statute to revoke the parole or probation of a defendant without notice, and without his presence in court, upon proof of violation of the terms on which he has been set at liberty. Such parole confers no right, other than a conditional suspension of sentence or execution of the judgment, during good behavior, and the privilege is subject to termination immediately upon a breach of its conditions.

It is apparent, then, that the petitioner was subject to re-arrest, and became a fugitive from justice in the state of Oregon immediately upon the revocation of his parole. Is there anything, then, in the fact that he had departed from the state of Oregon and was in the state of California, by permission of the Oregon court when he committed the act which forfeited his parole, that prevents his extradition as a fugitive from justice?

The matter of *In re Whittington*, 34 Cal. App. 344 [167 Pac. 404], is cited as authority for the contention that the state of Oregon has lost its right to follow this petitioner into the state of California. In that case the defendant, who was under arrest in the state of Texas for a felony committed in that state, and while so held in custody, a requisition issued by the Governor of California was honored by the Governor of the state of Texas, upon a showing

that petitioner had theretofore committed the crime of murder in the state of California, and was thereupon surrendered to and brought into the state of California under extradition proceedings. The case against him in California was subsequently dismissed, and a requisition was made by the state of Texas for his return to that state for trial, under the charges pending against him there. Extradition was denied on the ground that one who has been brought by legal force from the state having original jurisdiction of his person cannot be held to become by reason of that fact a fugitive. It is argued by petitioner's counsel, with some force of reason, that one who has voluntarily come into the foreign state, with the consent of the state seeking his extradition, cannot be held in any worse plight than one who is brought into the foreign state by legal compulsion. There is this difference, however. In the Whittington case the state of Texas released the prisoner from its jurisdiction and turned him over to the state of California without any qualifications; whereas, in the instant case, the state of Oregon did not waive its jurisdiction over the defendant, but expressly set him at liberty, subject to the right to again take him into custody and enforce the judgment of the court against him at any time upon his violation of the conditions of his parole. In *Ex parte Nabors*, under a decision of the Supreme Court of New Mexico, reported in 33 N. M. 324 [267. Pac. 58], another case involving extradition proceedings instituted by the state of California, it was held that the defendant was a fugitive from justice from the state of California under a state of facts almost identical with those here presented. Upon the petition of William J. Nabors a writ of *habeas corpus* was issued in New Mexico to test the legality of his restraint under an extradition warrant issued by the Governor of New Mexico upon a requisition of the Governor of California, said warrant reciting that petitioner stands charged with the crime of assault with intent to commit murder, committed in the county of Los Angeles, California, in the year 1923, and that said William Nabors is a fugitive from justice, and has taken refuge in New Mexico.

It appears that petitioner had been convicted in California upon his plea of guilty of the crime mentioned in the warrant. After serving some time in the penitentiary

he had been granted a parole, by the terms of which, accepted by him in writing, he was to proceed directly to his place of employment in San Ysidro, New Mexico, and thereafter to remain until he might receive permission to go elsewhere; that while on parole, and until the expiration of his sentence, he should continue to be in the legal custody and control of the board of prison directors, and if he should fail to live up to the requirements of his parole, he should be returned to prison. After some time the California prison board saw fit to revoke his parole, the assigned causes being that without permission of the board the petitioner had left his employment and had gone to another place in New Mexico, and that he had had certain firearms in his possession in New Mexico, which, while not contrary to any express provision of his parole, was contrary to a statute of California.

Commenting upon the facts as set forth, the opinion of the Supreme Court of New Mexico continues:

"Petitioner's contentions are that all charges upon which the state of California now seeks to deal with him relate to his conduct and acts in New Mexico, and that even if such charges render him amenable to any punishment in California, or to the revocation of his parole, the admitted facts that they were not committed in that state, and that he did not leave that state after their commission, are conclusive against the contention that he is a fugitive from the justice of California. . . .

"In determining the two questions before us, it is important to avoid confusion as to the crime charged against petitioner for which California desires to exact punishment. Petitioner contends as if the charged offenses were the matters stated as the occasion and reason for the revocation of his parole. If we regard the accusation as involving merely the leaving of Sandoval county or the having of firearms in his possession, it would be difficult to hold either that there was a substantial charge of any offense under the law of California, or that petitioner is a fugitive from the justice of that state. Such is not, however, the correct view to take of the charge. The accusation is founded upon the felony of which he stands convicted. For this his punishment is not comlete. For this California demands his extradition. There is abundant and well reasoned authority that this is

the correct view in a case where one, whose parole has been revoked, contends that he is not a fugitive. Perhaps the leading case is *Drinkall* v. *Spiegel,* 68 Conn. 441 [36 L. R. A. 486, 36 Atl. 830], where the doctrine is developed that one who is allowed to go at large on a parole, becomes upon the revocation of his ticket-of-leave, in legal effect an escaped convict, and may, if found outside the state, be extradited, not necessarily for the escape, nor for the violation of parole, but for the original crime which he has not fully expiated. (See, also, *In re Gertz,* 21 Hawaii, 526; *Albright* v. *Clinger,* 290 Mo. 83 [234 S. W. 57]; *Hughes* v. *Pflanz,* 138 Fed. 980; *Ex parte Carroll,* 86 Tex. Cr. Rep. 301 [8 A. L. R. 901, 217 S. W. 382].)

"Under this doctrine, we are clearly required to hold that the governor had before him a substantial charge of crime committed in the state of California. The doctrine serves also to narrow the question whether petitioner is a fugitive, to this single point: Does the fact that petitioner left California, not in violation of, but pursuant to his parole, defeat California's right to his rendition as a fugitive? . . .

"Under some of the earlier decisions the words of the Constitution 'Flee from Justice' were thought to carry an implication of a voluntary and conscious attempt by leaving the state, to escape an apprehended prosecution; but such is no longer an accepted doctrine.

"In *Ex parte Reggel,* 144 U. S. 642 [29 L. Ed. 250, 5 Sup. Ct. Rep. 1148], it was held that if the person demanded had committed a crime in the demanding state, and when sought to answer for it had left that state and was found in another, he was a fugitive.

"In *Appleyard* v. *Mass.,* 203 U. S. 222 [7 Ann. Cas. 1073, 51 L. Ed. 161, 27 Sup. Ct. Rep. 122], it was said that one was a fugitive who left the state after commission of a crime, 'no matter for what purpose or with what motive, nor under what belief.' . . .

"In *Van Walden* v. *Geddes,* 105 Conn. 374 [135 Atl. 396], it was held that one who was in Connecticut pursuant to parole from confinement in California, should be surrendered on the requisition of Michigan, though the latter state had knowledge of, and consented to, the purpose of California so to parole him."

After reviewing at some length other decisions bearing on the facts as recited, the court concludes: "It is our conclusion, therefore, that the writ must be discharged and the petitioner remanded to the sheriff of Valencia County for delivery to the agent of the State of California for return to that state, pursuant to the warrant of the Governor of this State."

In *Ex parte Williams*, Criminal Court of Appeals of Oklahoma, 10 Okl. Cr. 344 [51 L. R. A. (N. S.) 668, 136 Pac. 597], it appears that the petitioner, under writ of *habeas corpus*, had been legally charged by indictment, and was tried and convicted of the crime of grand larceny in the state of Indiana and was sentenced to imprisonment in the penitentiary of that state; that before the expiration of said sentence petitioner was paroled by the board of commissioners of the Indiana state prison and removed from the state of Indiana to the state of Oklahoma That thereafter petitioner was declared a delinquent and his parole revoked. On this state of facts the Governor of Indiana presented requisition papers for the said Williams to the Governor of Oklahoma, which were honored by the Governor of that state, and his warrant issued for the arrest of petitioner, to be returned to the state of Indiana as requested by the Governor of that state. It is held by the decision of the Oklahoma court that to be a fugitive from justice under the act of Congress it is not necessary that the person charged with having left the state in which the crime was alleged to have been committed did so for the purpose of avoiding a prosecution anticipated or begun, but simply that having within a state committed a crime against the laws thereof he leaves such state, and when he is sought to be subjected to its criminal process to answer for his offense he is found in the territory of another state.

Another Oklahoma case, *Ex parte Hamilton*, (Okl. Cr. App.) 273 Pac. 286, in which it was held that the extradited prisoner was a fugitive from justice, is stated in the syllabus as follows:

"Where a convicted prisoner in another state is there paroled and voluntarily comes into this state, and thereafter his parole is revoked by the proper authorities of the former state, the prisoner then has the status of an escaped convict, and is a fugitive from justice from the former state, and

if apprehended in this state, he may, upon requisition be returned to that state. His status is not changed by the fact that he came into this state after being paroled with the consent of the authorities of the former state."

"Under the conditions named in the preceding syllabus, the legality of the revocation of the parole of the prisoner is a question for the courts of that state, since they alone have the right to construe the constitution and laws of that state."

*People* v. *Malon,* 126 Misc. Rep. 211, 214 [214 N. Y. Supp. 211], is another case in which the petitioner was discharged from custody after a warrant of extradition. Ostensibly the discharge was granted on the ground that the petitioner was in the foreign state by compulsion of the state demanding extradition, and purports to follow the rule laid down in the California case, *In re Whittington, supra.* The petitioner, Malon, had been convicted of a felony in the state of California, and committed under a sentence to a term in the penitentiary, and after serving two and one-half years of his sentence was paroled and directed by the prison board to go to New York to accept employment with the American Press Association. In pursuance of this requirement the petitioner took up his residence in New York. His parole was thereafter revoked by the California authorities on the ground that instead of taking employment with the American Press Association he was acting in the capacity of private secretary of the president of that association. On requisition from the Governor of California a warrant of extradition was granted by the Governor of New York. The New York decision in the *habeas corpus* proceeding comments as follows:

"The chief executive of this state evidently acted upon the theory that when the authorities of California revoked the parole, the petitioner became *ipso facto* a fugitive from justice, regardless of the motives or justice of the revocation, and despite the fact that the person wanted was here, not only by the prior consent, but by the very direction of the demanding state.

"Ordinarily the question of whether the individual sought is actually a fugitive is one of fact which the governor of the state upon whom the demand is made must decide upon such evidence as he may deem satisfactory. How far his

determination may be reviewed judicially in *habeas corpus* proceedings has not been adequately and satisfactorily determined by the court, but there can be no doubt that if the governor's finding of fact is the result of an erroneous application of the law, it is positively revocable." -

Citing the Bassing case (208 U. S. 386 [13 Ann. Cas. 905, 52 L. Ed. 540, 28 Sup. Ct. Rep. 392]), the decision continues:

"It is unnecessary to decide whether the Bassing case would authorize extradition of a person who has been released on parole without any direction to depart to another state, and whose parole had been revoked while in the latter state. On the other hand, it cannot be construed to establish the proposition that a departure from the state under the circumstances occurring in the instance of this relator necessarily constitutes him a fugitive from justice. What it does determine in this respect is that although a person leaves a given state with its tacit consent or acquiescence, he may nevertheless be a fugitive and subject to extradition on a subsequent demand.

"This situation is evidently quite different from the instant case, where the person came to New York at the express direction of the state of California. His departure from that state was not his voluntary act. He was constructively just as much under the escort of California when leaving as was the person in the Whittington case, *supra,* who left in the physical custody of the law."

Notwithstanding that the decision in the above matter apparently rests on the proposition that the petitioner was in the state of New York by compulsion, and that the state of California had thereby waived any right to extradition, it is apparent that the court took into account the further circumstance of the frivolous grounds upon which the California authorities had revoked the petitioner's parole. In any event, this case is clearly distinguishable from the case at bar.

■ None of the other decisions which have been called to our attention is sufficiently in point to affect our decision in this matter. The weight of authority and the requirements of effective law enforcement sustain the proposition that one convicted of a crime in a foreign state and removing to another jurisdiction under parole, whether with or with-

out the consent of the paroling authorities, and whose parole is subsequently revoked for a violation of its terms in the foreign jurisdiction, is subject to extradition.

The petition for discharge is denied, and the petitioner is remanded to the custody of C. C. Folette, Jr., deputy sheriff of the county of Washington, state of Oregon, to be returned to the state of Oregon.

Barnard, J., and Marks, J., concurred.