## EX PARTE JOHN GARVEY.

No. 19197.   Delivered December 8, 1937.
Rehearing Denied February 2, 1938.

The opinion states the case.

*J. A. Collier*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Upon requisition of the Governor of Illinois, the Governor of Texas issued a warrant authorizing the arrest of relator and his return to the State of Illinois as a fugitive from justice. Thereafter relator filed an application for a writ of habeas corpus on the allegation that he was illegally restrained of his liberty. The writ was awarded and, after a hearing, relator was remanded to custody. Hence this appeal.

It appears from the testimony adduced upon the hearing that the relator has been convicted in the State of Illinois of robbery and that, after serving part of his sentence, the Board of Pardons and Paroles granted him a parole. A few months thereafter relator's application to the Board of Pardons and Paroles for permission to reside in the State of Texas was granted. After removing to Texas relator was convicted in Harris County of a misdemeanor. Thereafter the Board of Pardons and Paroles of Illinois revoked his parole and ordered his arrest.

Relator's contention that he is not a fugitive from justice cannot be sustained. We quote from Ex parte Hamilton, 273 Pac., 286, as follows: "It being undisputed that petitioner, while on parole in the State of New Mexico, although with the consent of the parole board of that state, voluntarily left the State of New Mexico and came to Oklahoma, and thereafter the parole board of the former state revoked his parole, the status of petitioner is that of an escaped convict, and, being found in this state, he is a fugitive from justice within the meaning of

the extradition laws, and subject to rendition upon requisition to that state."

In Ex parte McBride, 281 Pac., 651, the court used language as follows:

·"The weight of authority and the requirements of effective law enforcement sustain the proposition that one convicted of a crime in a foreign state and removing to another jurisdiction under parole, whether with or without the consent of the paroling authorities, and whose parole is subsequently revoked for a violation of its terms in the foreign jurisdiction, is subject to extradition." See, also, Ex parte Nabors, 267 Pac., 58.

If relator had been taken out of the state from which he was under parole against his will a different question would be presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—No doubt arises in our minds as to the correctness of our holding in sustaining the order remanding relator for extradition, and we do not feel called upon to write further upon that issue.

In his motion for rehearing relator advised that in the event the said motion should be overruled he desires to take the case to the United States Supreme Court, and requests that we fix bail, upon the giving of which he may be released pending such hearing. If said court should see fit to review relator's case in our judgment it would be for that court to determine whether relator should go on bail pending such hearing, as well as the amount thereof.

The motion for rehearing is overruled.

*Overruled.*