[Crim. No. 4547.   In Bank.   Jan. 23, 1945.]

In re PETE MARZEC, on Habeas Corpus.

Pete Marzec, in pro. per., and Shamus O. McFadden for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

EDMONDS, J.—By writ of habeas corpus, Pete Marzec is seeking relief from conditions imposed upon him as a parolee from the State Prison at Folsom following his conviction of a felony. He asserts that the state now has no authority either to imprison him further or to subject him to restraint by requiring compliance with certain conditions restricting his liberty.

The situation is a somewhat unusual one. Prior to 1940, Marzec twice had been convicted of a felony and was in this state after having escaped from the New Mexico State Penitentiary. In that year, by a judgment of the Superior Court of Los Angeles County, he was sentenced to imprisonment following his conviction upon four counts of robbery, which were found to be of the second degree. The court specified that the sentences should run consecutively. Three years later, his terms of confinement upon these sentences were fixed at a total of 30 years.

After seven years, the Board of Prison Terms and Paroles granted Marzec a parole effective when nine calendar years had been served. A condition specified by the board was that he was "to be sent to Poland by the Government or the Board, subject to detainer." The parole was to become effective on June 6, 1939, "or as soon thereafter as the necessary arrangements can be made for your transportation, and provided that you comply with all the rules governing parole and continue to maintain a clear conduct record."

On May 16, 1939, the Governor of California granted the request of the Governor of New Mexico for extradition of the petitioner. Two weeks later Marzec signed a document by which he "freely and voluntarily" agreed to accompany an

officer from New Mexico "as a prisoner of the State Prison at Folsom . . . to the New Mexico State Penitentiary . . . for the purpose of answering there the charges pending against" him. "Furthermore" he thereby waived "all informality of legal proceedings" and agreed that he was "willing to return to the New Mexico State Penitentiary with said officer without the Governor's requisition or other papers legally necessary to such cases."

The prison record shows that Marzec was released on June 6th "on parole." He was given a "Ticket of Leave" in printed form which included the following: "You are being released into the custody of the New Mexico State authorities to be by them confined. Should you become eligible for release by them before August 6, 1948 [date of expiration of sentence, with credits], you must be returned to the State Prison at Folsom unless the Board shall hereafter determine otherwise." Marzec signed an agreement in writing to abide by and strictly follow the conditions of his parole.

In February, 1942, the California Board of Prison Terms and Paroles received a letter from the warden of the New Mexico State Prison stating that, owing to Marzec's good behavior and assistance, the authorities of that state were considering the release of the petitioner. The warden recommended that Marzec be relieved of further imprisonment in California. Upon consideration of the matter, the board determined not to do so and ordered that, if he was released from the New Mexico institution before August 6, 1948, the date when his sentences in this state would expire, he be returned to Folsom prison to abide the further order of the board.

A month later the State Parole Officer recommended to the board that the parole previously granted to Marzec be suspended. As grounds for such suspension the parole officer reported the receipt of a letter from Marzec stating that he would not comply with the conditions of his parole and return to Folsom prison to abide the further order of the board, nor would he waive extradition. At the next meeting of the board Marzec's parole was suspended and his return was ordered for "refusing to comply with the conditions of his parole."

A short time later, upon request of the Governor of California, a warrant of extradition was issued in New Mexico and Marzec was returned to the State Prison at Folsom.

After he had served more than two years' additional time there the Adult Authority, Department of Corrections (successor to Board of Prison Terms and Paroles) released him upon parole. In addition to the usual conditions of parole, the petitioner was required to report for employment in a specified hotel "and there remain until granted permission by the State Parole Officer to go elsewhere."

As grounds for relief in the present proceeding, the petitioner asserts that the parole of June 6, 1939 "never in fact became effective"; that he "never was released on parole" but "was removed from said Folsom Prison by the authorities of New Mexico State Prison in their custody, and through and on account of extradition papers signed by the Governor of California." By honoring the request for extradition made by the State of New Mexico, says the petitioner, the State of California forever waived all claims upon him and thereafter he was not subject to extradition from New Mexico because he was not a "fugitive from justice."

In opposition to these claims, the attorney general asserts that the issue as to whether the petitioner was a "fugitive from justice" from the State of California is wholly immaterial. The state maintains that there was no waiver of jurisdiction by California in the transfer of the petitioner to New Mexico and declares that the "petitioner was not transferred to the New Mexico authorities upon the consent of the Governor on extradition proceedings, but upon full consent and waiver of the petitioner." In reply, the petitioner, for the first time appearing by counsel, urges that "the transfer of the petitioner to the State of New Mexico was not a transfer under parole."

█ As a prisoner upon parole, Marzec is constructively a prisoner under sentence in the legal custody and under the control of the Department of Corrections. █ Accordingly, he is not free from legal restraint by the penal authorities and habeas corpus is the appropriate means for testing the legality of that restraint. *(In re Taylor,* 216 Cal. 113 [13 P.2d 906]; *In re Stanton,* 169 Cal. 607 [147 P. 264].)

█ Marzec's claim that he was never a fugitive from California justice, and therefore was not subject to extradition from New Mexico requires a determination as to whether the transfer of custody to the New Mexico authorities relieved him of further punishment by the State of California. If this

state then waived jurisdiction over him insofar as any requirement for further imprisonment upon the judgment and sentence of this state is concerned, upon his release from the New Mexico penitentiary he was not "a fugitive from justice" and, accordingly, was not subject to extradition from that state. (18 U.S.C.A. § 662; Rev. Stats. § 5278; U.S. Const., art. IV, § 2, cl. 2.) But the record submitted by the petitioner clearly shows that his release from the State Prison at Folsom in 1939 was not without limitation or reservation. At that time, he agreed voluntarily to go to New Mexico for the purpose of imprisonment and signed a "Ticket of Leave," or parole agreement, by which he expressly stipulated that his removal to New Mexico was subject to the condition that, should he be released from the custody of that state prior to 1948, he would be returned to the State Prison at Folsom. Moreover, the record does not support Marzec's contention that his removal to New Mexico was upon extradition proceedings. By his written agreement he expressly waived "all informality of legal proceedings" and agreed further that he was "willing to return to the New Mexico State Penitentiary . . . without the Governor's requisition or other papers legally necessary in such cases."

The petitioner relies upon *People* v. *Bartley*, 383 Ill. 437 [50 N.E.2d 517], and *In re Whittington*, 34 Cal.App. 344 [167 P. 404], to support his contention that the State of California forever waived all claims over him when he left this state for New Mexico. The Bartley case, although presenting in several respects a situation similar to that of Marzec, is not here controlling because the State of Illinois unconditionally transferred the custody of McLaughlin, then a convict, to the Wisconsin authorities. The prisoner, as in the present proceeding, had been granted a parole to become effective at a future date but without the condition that he was then to be "subject to detainer" by authorities of another state. Also, when McLaughlin was transferred to Wisconsin he did not go voluntarily upon an agreement to return to prison in the asylum state after his imprisonment in the demanding state had been completed, nor did he waive extradition. Moreover, in the Bartley case, the Supreme Court of Illinois concluded that "McLaughlin was not released from Statesville on parole" for "the conditions [admitting him to parole] were never complied with" and, when he was released to the Wisconsin agent, "there was no mention of parole."

The case of *In re Whittington, supra,* was decided upon a record showing facts quite different from those now before the court. There the petitioner, by extradition proceedings, was brought from Texas to California to face a charge of murder. The prosecution dismissed the case, and the Governor of Texas requested his return by extradition. The appellate court held that, as he did not voluntarily leave Texas, he was not a "fugitive from justice." But as Marzec went to the New Mexico prison voluntarily under a conditional parole, this state's jurisdiction over him continued. When he later refused to comply with the condition which had been imposed upon him, and his parole was revoked, he became a fugitive from justice within the meaning of the federal extradition statute. *(In re Tenner,* 20 Cal.2d 670 [128 P.2d 338]; *In re McBride,* 101 Cal.App. 251 [281 P. 651]; for cases from other jurisdictions see notes in 78 A.L.R. 419, 8 A.L.R. 903.)

The writ is discharged and the petitioner remanded.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.