In the Matter of the Habeas Corpus of Tommy Lee KNOTT, Petitioner,

v.

The STATE of Oklahoma and Jim Kindred, Jr., Sheriff of Pittsburg County, Oklahoma, Respondents.

No. A–13443.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1963.

Loyd G. Larkin, Tulsa, for petitioner.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

The facts giving rise to the petitioner, Tommy Lee Knott's application for Writ of Habeas Corpus are as follows:

On or about the 25th day of November, 1959, petitioner was under arrest and held, for alleged burglaries, in the County jail of Murray County, Oklahoma. Sheriff Conner Fletcher, of Clay County, Texas, who had been informed that petitioner was imprisoned in the Murray County jail, talked to petitioner about a number of burglaries he had committed in Marietta, Clay County, Texas. Due to petitioner's lack of a very high degree of literacy, he was unable to adequately describe the places he burglarized or the locations of hidden contraband.

Prior to this conversation, on a day just prior to Thanksgiving Day, petitioner had decided to enter a plea of guilty to the Oklahoma burglary charges. Arrangements had been made to take petitioner before the District Judge for this purpose on the Friday or Saturday after Thanksgiving Day.

Petitioner agreed to accompany the Sheriff of Clay County Texas, to the State of Texas and to be returned to the State of Oklahoma, after the stolen merchandise had been recovered and the locations of the burglaries had been identified; permission was given by the Murray County Sheriff and Murray County Attorney, with the stipulation that petitioner be returned on or before the said date for sentencing.

Thereafter, in the company of the Oklahoma Sheriff, Texas Sheriff and an F.B.I. Agent, petitioner directed them to his father's farm near Ardmore, Oklahoma, where certain stolen goods were recovered. The

Texas Sheriff was then permitted to proceed with petitioner to Texas unaccompanied by any Oklahoma officials.

After pointing out various sites of burglaries and hidden loot, and giving certain oral and written admissions and/or confessions, petitioner was returned to Oklahoma as per agreement. Without any criminal charges being filed against him or making any type of plea before a magistrate.

On the 1st day of December, 1959, petitioner entered a plea of guilty, before the District Judge of Murray County and was sentenced to Seven (7) Years in the Oklahoma State Penitentiary; said term being completed on the 27th day of July, 1963.

Petitioner was forthwith delivered over to the Sheriff of Pittsburg County, Oklahoma, to await extradition to Texas under authorities of a fugitive warrant from the State of Texas and a Governor's Extradition Warrant from the Governor of the State of Oklahoma.

Thereafter, petitioner filed an application before the Honorable Robert Bell, District Judge in and for Pittsburg County, Oklahoma, seeking his release from confinement. A hearing was held, and at the conclusion of said hearing, the Writ prayed for was denied.

On the 1st day of October, 1963, an application for Writ of Habeas Corpus was filed in this Court and thereafter, on the 2nd day of October, 1963, evidence was adduced on behalf of petitioner and respondent, and arguments were presented by their respective counsel.

It is contended by the petitioner that the State of Texas relinquished their right to extradite said petitioner, when, after being held in custody in the county jail of Clay County Texas, for a period of Two and one-half days and after having secured from him certain confessions to crimes committed in that state, he was voluntarily returned to the authorities of the State of Oklahoma.

It is the State's position that:

The Courts of the State of Texas never acquired jurisdiction, in that no charge was instituted nor warrant issued for the arrest of the petitioner while he was in the State of Texas.

They argue further, that the State having thus never acquired jurisdiction could not and did not relinquish the same when he was returned in accordance with the agreement entered into by the Sheriff of Clay County Texas and the County Authorities of Murray County, Oklahoma.

In the recent case of Anderson v. State, Okl.Cr., 386 P.2d 320, this Court, speaking through the Honorable Kirksey Nix, stated:

"This Court prefers the language used in a later case adopting the Whittington case [34 Cal.App. 344, 167 P. 404], Ex parte Drake, Cal.App., 233 P.2d 931. * * *

"A person in custody *for an offense* in one state may be surrendered to another state which requests his extradition, and such surrender operates as a waiver of jurisdiction of state over person of prisoner and prisoner cannot thereafter be considered a fugitive from justice from surrendering state so as to permit it to requisition him on termination of proceedings against him in second state." [Emphasis ours.]

We have further held that:

"[a] prosecution * * * is 'commenced' at the time the preliminary complaint or information is filed with a magistrate in good faith and a warrant issued thereon. It is not essential that the warrant shall be served in order that the prosecution be commenced." Jarret v. State, 49 Okl.Cr. 162, 292 P. 888.

From the facts as set forth above, and it appearing that no prosecution had been instituted or commenced in the State of Texas against the petitioner prior to his return by Sheriff Fletcher, to the Murray County Authorities, we hold that the Texas Court, having never acquired jurisdiction could not have relinquished the same.

In Summary:

A person in custody who has not been charged with an offense in one state, may be surrendered to another state in accordance with an agreement to return him; such surrender does not operate as a waiver of jurisdiction of the state over person of prisoner when he is subsequently charged with an extraditable offense in the first state.

The writ prayed for is denied.

NIX and JOHNSON, JJ., concur.