ï ommy Nick RICHARDSON, Petitioner-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9726.

Supreme Court of Idaho.

May 27, 1966.

Rulon R. Price, Idaho Falls, for appellant.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Chief Justice.

Tommy Nick Richardson, the petitioner for a writ of habeas corpus, and the appellant herein, was placed on probation by the Superior Court of Yakima County, State of Washington, on July 20, 1962, following his plea of guilty to the crime of aiding and abetting second degree burglary. Subsequently, on July 9, 1964, his term of probation was extended for an additional two years.

On June 9, 1965, the Governor of Idaho, issued a warrant for the arrest of petitioner for his delivery to an agent of the State of Washington, to return petitioner to that State. This warrant of the Governor of Idaho, was issued after the receipt of requisition and warrant of the Governor of the State of Washington, to which were attached authenticated copies of the affidavit of the deputy prosecuting attorney of Yakima County, bench warrant issued by the Su-

perior Court of Yakima County, Information, Judgment and Order Deferring Sentence and Granting Probation, and the Order Extending Probation.

Appellant was taken into custody by the officials of Bonneville County; he applied to the District Court of that county for a writ of habeas corpus; the writ issued and return was duly made thereon, with appellant being brought into court pursuant to the writ. After hearing before the District Court, that court entered its order quashing the writ of habeas corpus and this appeal resulted.

It is appellant's contention that the records before the trial court and the records presented to the Governor of Idaho, show that his probation has not been revoked, and that until such time as an order revoking his probation is entered he cannot be considered to be a fugitive from justice within the meaning of the extradition laws of this State, or of the United States. (Ch. 45, Title 19, Idaho Code; U.S.Const., Art. 4, § 2(2), and 18 U.S.C.A. § 3182).

In support of his contention, appellant relies extensively on the case of Ex parte Nabors, 33 N.M. 324, 267 P. 58 (1928), and on a line of California cases, including Ex parte McBride, 101 Cal.App. 251, 281 P. 651 (1929), Ex parte Tenner, 20 Cal.2d 670, 128 P.2d 338 (1942), and In re Marzec, 25 Cal. 2d 794, 154 P.2d 873 (1945). In the McBride case, supra, that court followed the decision in the New Mexico case of Ex parte Nabors, supra, which case in turn cited the Connecticut case of Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L.R.A. 486 for the following proposition:

" * * * Perhaps the leading case is Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L.R.A. 486, where the doctrine is developed that one who is allowed to go at large upon parole becomes, upon the revocation of his ticket of leave, in legal effect, an escaped convict, and may, if found outside the state, be extradited, not necessarily for the escape, nor for the violation of parole, but for the original crime which he was not fully expiated."

In the cases of Ex parte Nabors; Ex parte McBride; Ex parte Tenner; In re Marzec, and Drinkall v. Spiegel, (all supra), the question of whether revocation of probation is a prerequisite to extradition never arose, for in each instance the probation or parole had been revoked. And it is to be noted that in each of these cases, the application for discharge by the parolee or probationer was denied by the court.

This court has not previously been called upon to decide this issue, and counsel have called our attention to no opinion from other jurisdictions directly in point on the issue before the court. Nevertheless, it is our conclusion that the trial court correctly quashed the writ of habeas corpus and

ordered appellant to be held for the Washington authorities.

■ This court has held the right to maintain interstate extradition and the procedures therefor are governed by federal law which is supreme. Smith v. State, 89 Idaho 70, 403 P.2d 221; Application of Williams, 76 Idaho 173, 279 P.2d 882, 18 U.S.C.A. § 3182, provides:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured * * * and shall cause the fugitive to be delivered to such agent when he shall appear. * * *"

Upon this provision the question immediately arises as to what constitutes a person a "fugitive from justice" so as to bring into operation the right to maintain extradition proceedings.

No question is presented here as to the sufficiency of the documents submitted to the Governor of Idaho, aside from the issue of whether it was necessary that they show appellant's parole has been revoked.

■■ Richardson is sought by the State of Washington as a person guilty of the commission of a felony, and for the purported violation of his probation. Regardless of whether he did violate his probation, the bench warrant issued by the Washington court establishes that he is, in the viewpoint of that court, demanded for proceedings under the asserted violation of his probation. It is established that the guilt or innocence of an alleged fugitive may not be considered in extradition matters, 22 Am. Jur. Extraditions § 44, page 281; 35 C.J.S. Extradition § 17, page 443. I.C. § 19-4520 states that the guilt or innocence of the accused as to any crime may not be inquired into either by the governor or in any proceeding after the demand, except for the purpose of identifying the person held as being the person charged with the crime.

I.C. § 19-4505 recognizes that a person convicted of crime who has broken his parole is one that is subject to extradition.

■ Thus the record showing that Richardson has been found guilty of the crime of aiding and abetting a burglary, and it being further shown that he has violated the terms of his parole, it is our conclu-

sion that whether his parole has in fact been terminated is of no import, any more than the guilt or innocence of a person is of importance when a person is charged with a crime committed in another state and extradition is sought.

The order quashing the writ of habeas corpus is affirmed.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.