Martin Schenck, J.
Pursuant to a writ of habeas corpus a hearing was conducted relative to the extradition of the petitioner under a warrant from the Governor of the State of Alabama. In accordance with the warrant of the Governor of Alabama the Governor of the State of New York has issued a warrant to the Sheriff of Albany County. The validity of the proceedings and the petitioner’s challenge to the right of Alabama to extradite him have been the subject of the hearing.
Upon their face the warrant from the State of Alabama and the supporting papers appear to be in order. A certified copy of an indictment charging the petitioner with the crime of murder in the State of Alabama supports the Governor’s warrant. The indictment charges commission of the crime by the defendant in the State of Alabama on November 1, 1967. The defendant admits being in the State of Alabama on that date. The classic basis for invalidation of extradition proceedings is proof that the person charged was not in the State which seeks extradition on the date of the alleged crime. That issue is not before us in this case.
The petitioner seems to base his argument on the contention that he was not actually a “ fugitive ”. He cites People ex rel. Higley v. Millspaw (281 N. Y. 441). That opinion quoting Matter of Voorhees (32 N. J. L. 141, 150) defines a “fugitive from justice ’ ’ as follows: “a person who commits a crime within a state, and withdraws himself from such jurisdiction without waiting to abide the consequences of such act”. The *650 court in the Higley case then goes on to make the following observation (pp. 446-447): “ no one can be held to be a fugitive from justice unless he was in the demanding State when the crime was committed ’ It, therefore, seems clear that the term ‘ ‘ fugitive ’ ’ involves something other than the popular concept of a person fleeing with the law in pursuit. The criterion is whether or not a person presently removed from the demanding State was in that State on the date of the alleged crime. The test is not necessarily, whether or not he had fled surreptitiously to another State or had run across the border of a State specifically to evade arrest.
In the case before us the crime was allegedly committed on November 1, 1967. The petitioner was charged with murder and was arrested on November 8, 1967. On December 21, 1967 a preliminary hearing was conducted. After hearing several witnesses the court ordered the release of the petitioner. Release after this hearing concededly did not constitute an acquittal after trial. The petitioner then remained in the State of Alabama until January 11, 1968 when he departed with no pending charge against him. In other words, he left Alabama, traveled through several States and eventually arrived in New York State just as any transient citizen has a right to do. Whether by coincidence or not, however, on January 12, 1968 a Grand Jury in Alabama indicted the petitioner for murder. The basis of tbe petitioner’s argument now seems to be that the defendant was not a ‘ ‘ fugitive ’ ’, had legally left the State and, therefore, is not now subject to extradition under the present warrant from the State of Alabama.
I can find no merit to this contention on the part of the petitioner. For the reason stated above, it is not necessary to establish that he fled the State of Alabama as a “fugitive ” from justice. He became technically a “ fugitive ” for the purpose of extradition when a Grand Jury in Alabama indicted him . while he was sojourning in another State. If the rule were. otherwise a person could, with impunity, commit a crime in a State provided it was not discovered or solved until after he had left that State. His departure from the State in question might have been perfectly legal at the time, but, nevertheless, after the crime has been discovered or solved and after the petitioner has been charged with that crime, he must be subject to extradition if justice is to be served. Hyatt v. People ex rel. Corkran (188 U. S. 691) is not at all contradictory of this conclusion. In that case it appears that the defendant was not in the demanding State on the date of the alleged crime. Here, as stated above, it is conceded that this petitioner was in Alabama *651 on the daté the crime was purportedly committed. Matter of Whittington (34 Cal. App. 344) is not in point because the defendant therein had been extradited from the demanding State before that State tried to bring him back from the first extraditing State. Those facts are obviously inapplicable here.
This court, accordingly, finds the extradition proceedings herein valid in all respects. Determination is made that the warrant from the State of Alabama should be honored and the petitioner turned over to the proper authorities from that State. The petitioner’s writ of habeas corpus is dismissed.